**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

WSOU INVESTMENTS, LLC, d/b/a BRAZOS
LICENSING AND DEVELOPMENT,

                    Plaintiff,

      v.

HEWLETT PACKARD ENTERPRISE
COMPANY,

                    Defendant.

Civil Action No. 6:20-cv-00729-ADA

**DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY'S
MOTION TO DISMISS COMPLAINT FOR FAILURE TO
STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**TABLE OF CONTENTS**

I.     INTRODUCTION ............................................................................................................ 1

II.    STATEMENT OF FACTS ............................................................................................. 1

III.   LEGAL STANDARDS ................................................................................................. 4

IV.    ARGUMENT ................................................................................................................ 6

   A.   WSOU's Complaint Fails to Assert a Plausible Claim of Direct Infringement ................. 7

   B.   WSOU Fails to State a Claim for Induced or Contributory Infringement .......................... 9

      1.   WSOU's Indirect Infringement Claims Fail without Direct Infringement .................... 9

      2.   WSOU Fails to Allege the Requisite Knowledge for Indirect Infringement ................. 9

      3.   WSOU Fails to Allege the Requisite Specific Intent for Induced Infringement .......... 11

V.     CONCLUSION ............................................................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
  620 F. App'x 934 (Fed. Cir. 2015) ....................................................................6, 11

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
  No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ...........................6, 11, 12

*Aguirre v. Powerchute Sports, LLC*,
  No. SA-10-CV-0702 XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ...............................9

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
  797 F.3d 1020 (Fed. Cir. 2015)..............................................................................6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)...............................................................................................4

*Bowlby v. City of Aberdeen, Miss.*,
  681 F.3d 215 (5th Cir. 2012) ...............................................................................4

*Castlemorton Wireless, LLC v. Bose Corp.*,
  6:20-cv-00029-ADA, Dkt. 51 (July 22, 2020)....................................................9, 10

*Cleveland Clinic Found. v. True Health Diagnostics LLC*,
  859 F.3d 1352 (Fed. Cir. 2017)..............................................................................11

*Commil USA, LLC v. Cisco Sys., Inc.*,
  135 S. Ct. 1920 (2015)........................................................................................6, 9

*De La Vega v. Microsoft Corp.*,
  2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)......................................................4, 8

*Diem LLC v. BigCommerce, Inc.*,
  No. 6:17-CV-186-JRG-JDL, 2017 WL 9935521 (E.D. Tex. May 11, 2017)..........................4

*DoDots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*,
  No. CV 18-098 (MN), 2018 WL 6629709 (D. Del. Dec. 19, 2018)........................................5

*DSU Med. Corp. v. JMS Co., Ltd.*,
  471 F.3d 1293 (Fed. Cir. 2006).............................................................................11

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
  363 F.3d 1263 (Fed. Cir. 2004).............................................................................9

*Eli Lilly and Co. v. Teva Parenteral Meds., Inc.*,
  845 F.3d 1357 (Fed. Cir. 2017)...................................................................................................5

*Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*,
  909 F.3d 398 (Fed. Cir. 2018)....................................................................................................6

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
  575 F.3d 1312 (Fed. Cir. 2009)..................................................................................................7

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011)....................................................................................................................6

*Hishon v. King & Spalding*,
  467 U.S. 69 (1984)......................................................................................................................4

*Intellectual Ventures I LLC v. Motorola Mobility LLC*,
  870 F.3d 1320 (Fed. Cir. 2017)..................................................................................................6

*Joy Techs., Inc. v. Flakt, Inc.*,
  6 F.3d 770 (Fed. Cir. 1993).........................................................................................................8

*Lyda v. CBS Corp.*,
  838 F.3d 1331 (Fed. Cir. 2016)..................................................................................................5

*Nalco Co. v. Chem-Mod, LLC*,
  883 F.3d 1337 (Fed. Cir. 2018)..................................................................................................5

*Neitzke v. Williams*,
  490 U.S. 319 (1989)....................................................................................................................4

*Packet Intelligence LLC v. NetScout Sys., Inc.*,
  965 F.3d 1299 (Fed. Cir. 2020)..................................................................................................8

*Parity Networks, LLC v. Cisco Sys., Inc.*,
  No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019)..........................11

*Parus Holdings Inc. v. Apple Inc.*,
  No. 6:19-cv-432 ........................................................................................................................10

*TeleSign Corp. v. Twilio, Inc.*,
  No. 16-cv-2106-PSG, 2016 WL 4703873 (C.D. Cal. Aug. 3, 2016)........................................5

*Travel Sentry, Inc. v. Tropp*,
  877 F.3d 1370 (Fed. Cir. 2017)..................................................................................................5

*VStream Techs., LLC v. PLR IP Holdings, LLC*,
  No. 6:15-cv-974-JRG-JDL, Dkt. 153, Ord. (E.D. Tex. Aug. 24, 2016) ...................................5

iii

*ZitoVault, LLC v. Int'l Bus. Machs. Corp.*,
   No. 3:16-cv-0962, 2018 WL 2971131 (N.D. Tex. Mar. 29, 2018)............................................4

## I.      INTRODUCTION

Plaintiff WSOU Investments, LLC's, d/b/a Brazos Licensing and Development,

("WSOU") August 12, 2020 Complaint alleges infringement of a single patent: U.S. Patent No.

7,646,729 (the "'729 patent" or the "Asserted Patent"). Dkt. 1 at ¶¶ 19–48. Specifically, WSOU

accuses Defendant Hewlett Packard Enterprise Company ("HPE") of directly and indirectly

infringing the '729 patent because HPE "makes, uses, sells, offers for sale, imports, and/or

distributes" network switches including "FlexNetwork 7500 Series switches, HPE FlexFabric

5710 Series switches, Aruba CX 8400 Series switches, HPE FlexFabric 5940 and 5930 Series

switches, and HPE FlexNetwork 5510 HI Series switches," which WSOU refers to collectively

as the Accused Products. *Id*.

However, WSOU's complaint fails to state a claim upon which relief could be granted,

because, even if the Court accepts WSOU's factual allegations as true, the complaint fails to

plausibly allege that any entity practices each and every element of at least one claim of the '729

patent. Thus, as a matter of law, WSOU cannot prove that HPE or anyone else directly infringes

the asserted claims of the '729 patent, and this failure also condemns WSOU's claims for

indirect infringement. Additionally, WSOU has no viable indirect infringement claim because it

lacks any allegation that HPE knew of the Asserted Patent before the lawsuit was filed. WSOU

also fails to plead the specific intent required for inducement. WSOU cannot cure these defects

by amending its complaint. Therefore, HPE respectfully requests the Court grant this motion and

dismiss WSOU's complaint with prejudice.

## II.      STATEMENT OF FACTS

WSOU alleges infringement by HPE of the '729 patent, which is directed to a method

and apparatus for determining network topology includes adapting a single sniffer to collect

1

information from nodes associated with at least two selected areas of the network and

determining a topology of at least a portion of the network using the collected information. *See*

Dkt. 1 ¶¶ 19–48. Claim 1, the only claim asserted in the complaint, is a method claim directed to

a method for managing communications in a network. '729 patent, Cl. 1. Claim 1 is set forth

below:

> 1. A method for *managing* a communications network, the method comprising:
>
> *adapting a sniffer* to collect information from *nodes of a first outer nodal area of the communications network*,
>
> wherein *the communications network comprises*:
>
>> an inner nodal area; and
>>
>> a plurality of outer nodal areas connected to the inner nodal area via respective nodes of the inner nodal area,
>>
>> *each outer nodal area comprising a plurality of nodes*, each of the plurality of nodes configured to send link status messages only to other nodes of the outer nodal area,
>
> wherein the adapting comprises:
>
>> *configuring the sniffer as a partition* designated inner-nodal-area node of the first outer nodal area;
>
> *adapting the sniffer to collect information* from nodes of a second outer nodal area of the communications network by configuring the sniffer as a partition designated inner-nodal-area node of the second outer nodal area; and
>
> determining a topology of at least a portion of the communications network using the collected information, the portion of the communications network comprising the first and second outer nodal areas.

Ex. A to Dkt. 1, '729 patent at 6:23–47 (emphasis added).

The '729 patent describes a network comprising "an inner ring area 102 having a

plurality of inner ring (L2) nodes 106. One or more outer ring areas 104 are connected to the

inner ring area 102 via the inner ring nodes 106. Additionally, each of the outer ring areas 104

comprises one or more individual (L1) nodes 108 through which network users gain access to the

network 100 and exchange information with other areas" *Id*. at 3:12–18. "All the L2 nodes are

connected to each other and to an element management system (EMS). Individual nodes or

network elements are managed via the EMS." *Id*. at 2:64–67. The '729 patent further describes

the network as including a "sniffing device" that may be "a specific component of the EMS," or

"a stand-alone device that is independently connected to the network." *Id*. at 3:51–57. The sniffer

can also be configured "as a partition designated inner ring node." *Id*. at 4:13–19. Claim 1

requires a sniffer which will be adapted to collect information from nodes of different nodal

areas of a communications network," *See id*. at 6:25–26 and 39–42, and a "communications

network" that comprises inner and outer nodes, *id*. at 6:27–35. Claim 1 further requires the steps

of managing by "adapting" and "determining." *Id*. at 6:23–47.

WSOU accuses certain HPE network switches, including the FlexNetwork 7500 Series

switches, HPE FlexFabric 5710 Series switches, Aruba CX 8400 Series switches, HPE

FlexFabric 5940 and 5930 Series switches, and HPE FlexNetwork 5510 HI Series switches, of

directly infringing claim 1 of the '729 patent. Dkt. 1 at ¶ 22–42. Paragraphs 25 and 26 of the

complaint broadly identify capabilities of the Accused Products without any apparent relation to

the allegation of infringement. Paragraphs 28–33, 35–36, and 38–40 of the complaint appear to

contain screenshots and/or quotes from configuration guides for the Accused Products, but most

of the citations in these paragraphs refer to note 12, which is a link to a website to request a

quote for the Aruba 8400 Switch Series.[1] WSOU does not identify what or who is performing

---

[1] On a motion to dismiss, the Court may "consider the complaint in its entirety, as well as other
sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular,
documents incorporated into the complaint by reference, and matters of which a court may take

each step of the claimed method or how. Instead, the complaint merely contains various

conclusory statements and naked assertions that the claim is satisfied.

## III.    LEGAL STANDARDS

A complaint should be dismissed under Federal Rule of Civil Procedure Rule 12(b)(6)

when it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted)

(alteration in original) ("*Twombly*"). The complaint must plead "enough facts to state a claim to

relief that is plausible on its face." *Id*. at 570; *see also Bowlby v. City of Aberdeen, Miss.*, 681

F.3d 215, 219 (5th Cir. 2012). A complaint that alleges facts merely consistent with liability

"stops short of the line between possibility and plausibility" and should be dismissed. *Twombly*,

550 U.S. at 546. A complaint is "insufficient if it offers only 'labels and conclusions,' or a

'formulaic recitation of the elements of a cause of action.'" *Bowlby*, 681 F.3d at 219 (quoting

*Twombly*, 550 U.S. at 555). "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a

dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) (citing *Hishon v. King &*

*Spalding*, 467 U.S. 69, 73 (1984)). Accordingly, if well-pleaded facts still do not state a

cognizable theory as a matter of law, dismissal pursuant to Rule 12(b)(6) is warranted.

In a patent suit, a complaint must plead facts that describe *how* the allegedly infringing

product infringes. *See De La Vega v. Microsoft Corp.*, Nos. W-19-cv-00612, -00617, 2020 WL

3528411, at *3–4 (W.D. Tex. Feb. 11, 2020). Thus, the Complaint must "provid[e] facts

sufficient to create a plausible inference that <u>each</u> element of the claim [of the patent] is infringed

by the accused products." *Diem LLC v. BigCommerce, Inc.*, No. 6:17-cv-186-JRG-JDL, 2017

---

judicial notice." *See ZitoVault, LLC v. Int'l Bus. Machs. Corp.*, No. 3:16-cv-0962, 2018 WL
2971131, at *2 n.4 (N.D. Tex. Mar. 29, 2018) (citation omitted).

WL 9935521, at *2 (E.D. Tex. May 11, 2017) (emphasis added); *see also TeleSign Corp. v. Twilio, Inc.*, No. 16-cv-2106-PSG, 2016 WL 4703873, at *3 (C.D. Cal. Aug. 3, 2016) ("[I]n the post-Form 18 world, a plaintiff must include allegations sufficient to permit the court to infer that the accused product infringes each element of at least one claim") (internal quotations omitted) (alteration omitted). It is not enough to merely identify the accused products and state that they infringe the asserted claim; rather, the "key to patent infringement is … identifying how those products allegedly infringe the Asserted Patent claims." *VStream Techs., LLC v. PLR IP Holdings, LLC*, No. 6:15-cv-974-JRG-JDL, Dkt. 153, Ord. at 7 (E.D. Tex. Aug. 24, 2016); *see also DoDots Licensing Sols. LLC v. Lenovo Holding Co., Inc.,* No. CV 18-098 (MN), 2018 WL 6629709, at *2 (D. Del. Dec. 19, 2018).  In the case of a method claim, infringement requires performance of the claimed steps, as opposed to sale of an accused product. *Joy Technologies, Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993) ("The law is unequivocal that the sale of equipment to perform a process is not a sale of the process within the meaning of section 271(a).").

Where "no single actor performs all steps, . . . direct infringement only occurs if the acts of one are attributable to the other such that a single entity is responsible for the infringement." *Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*, 845 F.3d 1357, 1364 (Fed. Cir. 2017) (citation omitted); *see also Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1351 (Fed. Cir. 2018). In such cases, a plaintiff must plead facts "sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016) (citation omitted); *see also Nalco*, 883 F.3d at 1351-52; *Travel*

*Sentry, Inc. v. Tropp*, 877 F.3d 1370, 1378 (Fed. Cir. 2017); *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1023 (Fed. Cir. 2015).

To plead indirect infringement, the complaint must first plead direct infringement by others. *See Intellectual Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1331 (Fed. Cir. 2017) ("A finding of direct infringement is predicate to any finding of indirect infringement[.]"); *Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398, 407 (Fed. Cir. 2018) (same). For both induced and contributory infringement, a plaintiff must also plead facts to support an inference of a defendant's "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *see also Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015).

For induced infringement, a plaintiff must additionally plead facts showing that each defendant "had [a] specific intent to induce the [third party's] patent infringement." *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-cv-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014)(citations omitted). The "specific intent" element is "demanding" and requires more than "unsubstantiated assertions" or "generalized allegations" as to the intent of the alleged infringer. *Id.* at *7–*8. Specific intent requires more than knowledge of the induced acts; rather, the accused infringer must have "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

## IV.    ARGUMENT

WSOU's complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) because it fails to plausibly plead each and every element of its infringement claim. Although WSOU's complaint states that "each and every element of at least claim 1 of the '729 patent is practiced by the

6

Accused Products," Dkt. 1 at ¶ 41, the complaint fails to support that assertion with plausible

factual allegations. Specifically, WSOU fails as a matter of law to demonstrate that HPE or

anyone else directly infringes the asserted claims of the '729 patent, and this failure wipes out

WSOU's claims for indirect infringement because direct infringement by others is a necessary

predicate to prove active inducement of infringement and contributory infringement. WSOU's

indirect infringement claims cannot survive for multiple other reasons as well.

> **A.      WSOU's Complaint Fails to Assert a Plausible Claim of Direct Infringement**

WSOU's direct infringement claim should be dismissed because the complaint does not

plausibly allege that HPE or any third party directly infringes the '729 patent. WSOU alleges that

"each and every element of at least claim 1 of the '729 Patent is practiced by the Accused

Products," Dkt. 1 at ¶ 41, but WSOU fails to identify any person or entity that is responsible for

practicing the steps of the method of claim 1. *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575

F.3d 1312, 1320 (Fed. Cir. 2009) ("Direct infringement requires a party to perform each and

every step or element of a claimed method or product." (citation omitted)).

In its complaint, WSOU alleges that "each and every element of at least claim 1 of the

'729 patent is practiced by the Accused Products," Dkt. 1 at ¶ 41. WSOU then repeatedly makes

a statement that the "Accused Products practice a method" followed by conclusory allegations

mimicking the language of the claim. *See* Dkt. 1 at ¶¶ 27, 37 and 39. WSOU also alleges that the

"Accused Products provide a feature of flushing packets to update MAC addresses in the nodes

of the major ring for the update in topology change in a subring" using "ERPS protocol packets."

Dkt. 1 at ¶ 28. WSOU then explains what Ethernet Ring Protection Switching (ERPS) is, but

does not identify any person or entity it alleges has used this feature of the product other than to

allege that the Accused Products themselves "implement ERPS topology for managing a

communication network." *See* Dkt. 1 at 28–35. However, products cannot practice a method by themselves, and WSOU does not identify any person or entity that is responsible for practicing the steps of claim 1. *See Packet Intelligence LLC v. NetScout Sys., Inc.*, 965 F.3d 1299, 1314–15 (Fed. Cir. 2020) ("Method claims are 'not directly infringed by the mere sale of an apparatus capable of performing the claimed process.'" (quoting *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993)). To allege direct infringement of the asserted claim, WSOU would have to identify a person or entity that performed or practiced each step of the asserted method, not merely point to a product it believes has the capability to perform the method when used. WSOU's complaint does not identify any third party that allegedly used the claimed method, or otherwise provide evidence that the claimed method was actually used by such an entity.

Additionally, to the extent WSOU meant to allege that HPE itself directly infringes, there is only a passing boilerplate mention of "internal use and testing" of the products. *See* Dkt. 1 at ¶ 42. Such limited disclosure by WSOU fails to explain how, if at all, HPE could have directly infringed claim 1, and therefore does not rise to the level required to state a claim for relief. *See De La Vega*, 2020 WL 3528411, at *4–5 (W.D. Tex. Feb. 11, 2020) (granting dismissal where plaintiff did not "articulate[] any basis that would establish that either [defendant] performed all of the elements of the claim when it tested the accused products"). Even if the Court accepts such an allegation, such internal testing does not underlie a plausible claim for injury/damages. *See id. at* *5 n.7 (expressing skepticism that plaintiff's claim of infringement based on defendants' alleged internal testing could support anything more than "trivial" damages); *see also Packet Intelligence*, 965 F.3d at 1315.

Accordingly, the Court should dismiss WSOU's claim of direct infringement by HPE.

8

B.       **WSOU Fails to State a Claim for Induced or Contributory Infringement**

WSOU's indirect infringement claims are deficient and should be dismissed. As an initial

matter, WSOU's failure to plausibly allege direct infringement precludes its claims of induced

and contributory infringement. Beyond that failing, WSOU has failed to plead any knowledge by

HPE of the patent, or knowledge by HPE of alleged infringement, ***prior*** to the filing of this

action. WSOU also fails to plead a specific intent to induce infringement. Each of these failures

independently warrants dismissal of WSOU's indirect infringement allegations.

1.       **WSOU's Indirect Infringement Claims Fail without Direct Infringement**

WSOU's indirect infringement allegations are insufficient as a matter of law as WSOU

fails to plausibly allege direct infringement by a third party. *See supra* § IV.A. It is axiomatic that

indirect infringement requires direct infringement by another as a predicate. *See Dynacore*

*Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect

infringement, whether inducement to infringe or contributory infringement, can only arise in the

presence of direct infringement … ."). As a result, WSOU has also failed to adequately plead its

claims of induced and contributory infringement and these claims should be dismissed.

2.       **WSOU Fails to Allege the Requisite Knowledge for Indirect Infringement**

WSOU's indirect infringement allegations fail because they do not plead the required

"knowledge of the patent in suit and knowledge of patent infringement." *Commil*, 135 S. Ct. at

1926 (citations omitted). As courts in this District have held, the knowledge requirement for

indirect infringement require ***pre-suit*** knowledge. *See* Ex. 1, *Castlemorton Wireless, LLC v. Bose*

*Corp.*, 6:20-cv-00029-ADA, Order Denying Def's Mot. To Dismiss, Dkt. 51 at 11 (July 22,

2020); *see also Aguirre v. Powerchute Sports, LLC*, No. SA-10-cv-0702 XR, 2011 WL 2471299,

at *3 (W.D. Tex. June 17, 2011) (holding that reliance "on knowledge of [plaintiff's] patent after

the lawsuit was filed . . . is insufficient to plead the requisite knowledge for indirect

infringement").

Despite this clear requirement, WSOU's sole allegation of knowledge of the patent is a

conclusory statement that "HPE has received notice and actual or constructive knowledge of the

'729 Patent ***since at least the date of service of this Complaint***." Dkt. 1 at ¶ 43 (emphasis

added).[2] This Court has rejected materially identical allegations of knowledge. For example, in

*Parus*, this Court dismissed indirect infringement claims where plaintiff's only allegation of

knowledge of the patent was that "Defendant Apple has had knowledge of the '431 Patent ***since***

***at least the filing of the original complaint***." *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-

432, Amended Compl., Dkt 28 at ¶ 44 (emphasis added) (attached as Exhibit 3); *see id.* at Text

Order Granting Dkt. 54 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims)

(Order attached as Exhibit 1). Like the allegations in *Parus*, WSOU fails to allege pre-suit

knowledge and thus fails to state a claim for indirect infringement. *See id.*; *see also* Ex. 2,

*Castlemorton Wireless, LLC v. Bose Corp.*, 6:20-cv-00029-ADA, Dkt. 51 at 11. ("Because

Castlemorton's complaint does not plead any facts that would support an allegation of pre-suit

knowledge, the Court **GRANTS** Bose's motion to dismiss Castlemorton's indirect infringement

claims."). WSOU's induced and contributory infringement claims should be dismissed for this

additional, independent reason.

---

[2] WSOU's allegation of knowledge of infringement is likewise deficient, as WSOU alleges such
knowledge only "[s]ince at least the date of service of this Complaint." Dkt. 1 at ¶ 44; *see, e.g.*,
Ex. 1 *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, Feb. 20, 2020 Text Order Granting
Dkt. 54 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims where the only
allegations of knowledge of infringement were that "[b]y the time of trial, Defendant Apple will
have known and intended (since receiving such notice) that their continued actions would
actively induce the infringement of the claims of the '431 Patent."); *id.*, Dkt. 28 at ¶ 44
(Amended Compl.) (attached as Exhibit 3).

### 3.    WSOU Fails to Allege the Requisite Specific Intent for Induced Infringement

WSOU also fails to plead specific intent in support of its inducement claim. Allegations of specific intent require factual "'evidence of culpable conduct, ***directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities***.'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-00207-ADA, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019) (quoting *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (emphasis added)). WSOU's allegations of specific intent amount to a single conclusory statement that HPE "actively induced" others to infringe through their advertising, product descriptions, operating manuals and other instructions, and three website citations. *See* Dkt. 1 at ¶ 44. But, critically, the Complaint alleges no facts that suggest any connection between HPE ***encouraging its customers to generally use the Accused Products*** and their direct infringement, much less an intent to have HPE's customers directly infringe. In order to plausibly plead induced infringement, the law requires a showing that HPE induced someone to perform ***all of the steps that constitute infringement***. *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1364 (Fed. Cir. 2017) ("The mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven."); *see also Affinity Labs of Tex., LLC v. Toyota Motor N. Am., Inc.*, No. 13-cv-365-WSS, 2014 WL 2892285, at *7 (W.D. Tex. May 12, 2014) (dismissing induced infringement claims where "Plaintiff does not specify how the marketing and selling activities of Toyota actually induced third-parties to infringe the Asserted Patents. The complaint generally alleges that Toyota induced its customers to purchase its vehicles, but fails to allege how Toyota induced its customers to use the vehicles in a manner that would violate the Asserted Patents.")(citation omitted).

11

WSOU's conclusory allegations fail to present facts that demonstrate: (1) HPE knew that the alleged acts would infringe, and (2) HPE knew that the promotion of their products would induce or encourage others to infringe the Asserted Patent. *See Addiction*, 620 F. App'x at 938 ("[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement."); *Affinity Labs*, 2014 WL 2892285, at *7, *8 (finding "Plaintiffs generalized allegations that Toyota induced others to infringe the Asserted Patents through its marketing and sales tactics are [] insufficient.")(citation omitted).

WSOU's inducement claim should be dismissed because the Complaint is entirely silent on a key requirement of induced infringement.

## V.   CONCLUSION

For the reasons above, HPE respectfully requests the Court dismiss WSOU's complaint alleging infringement of the '729 patent with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Date: October 23, 2020                              Respectfully submitted,


                                                   By: */s/ Barry K. Shelton*

                                                   Barry K. Shelton
                                                   Texas State Bar No. 24055029
                                                   SHELTON COBURN LLP
                                                   311 RR 620, Suite 205
                                                   Austin, TX 78734-4775
                                                   Telephone: (512) 263-2165
                                                   Facsimile: (512) 263-2166
                                                   bshelton@sheltoncoburn.com

                                                   **ATTORNEYS FOR DEFENDANT**
                                                   **HEWLETT PACKARD ENTERPRISE**
                                                   **COMPANY**


                              **CERTIFICATE OF SERVICE**


        The undersigned certifies that a true and correct copy of the above and foregoing

document has been served on all counsel of record via the Court's ECF system pursuant to Local

Rule CV-5(b)(1).


                                                   /s/ *Barry K. Shelton*
                                                   Barry K. Shelton