UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | Civil Action No. 6:20-cv-00729-ADA |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| HEWLETT PACKARD ENTERPRISE COMPANY, | |
| Defendant. | |

**PLAINTIFF BRAZOS'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS BRAZOS'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6)**

## TABLE OF CONTENTS

I.     INTRODUCTION ..................................................................................................1

II.    BACKGROUND ..................................................................................................1

III.   LEGAL STANDARD...........................................................................................3

IV.   ARGUMENT .......................................................................................................5

     A.     Brazos Has Sufficiently Pled Direct Infringement ...................................5

     B.     Brazos Has Sufficiently Pled Induced and Contributory Infringement ..................9

           1.     Brazos Sufficiently Alleges Direct Infringement by Third Parties............10

           2.     Brazos Sufficiently Alleges the Requisite Knowledge for Indirect Infringement.....................................................................................11

           3.     Brazos Sufficiently Pleads Specific Intent for Induced Infringement......................................................................................16

           4.     At a Minimum, the Court Should Grant Leave to Amend........................18

V.     CONCLUSION....................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Affinity Labs of Texas, LLC v. Toyota Motor North Am., Inc.*,
No. 6:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ........................................12

*Aguirre v. Powerchute Sports, LLC*,
No. 5:10-CV-702, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ..................................14, 15

*Ascion LLC v. Ashley Furniture Indus., Inc.*,
No. 3:19-CV-856, 2020 WL 998733 (W.D. Wis. Mar. 2, 2020)..............................................1

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)................................................................................................................3

*Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*,
672 F.3d 1335 (Fed. Cir. 2012)..............................................................................................11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................................................................3, 4, 14

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
681 F.3d 1323 (Fed. Cir. 2012)...................................................................................... *passim*

*Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*,
No. 2:15-CV-1274, 2016 WL 4778699 (E.D. Tex. Aug. 19, 2016),
*report and recommendation adopted*,
2016 WL 4771291 (E.D. Tex. Sept. 13, 2016) ........................................................................6

*Canon, Inc. v. TCL Elecs. Holdings Ltd.*,
No. 2:18-CV-546, 2020 WL 1478356 (E.D. Tex. Mar. 25, 2020) .........................................17

*Castlemorton Wireless, LLC v. Bose Corp.*,
No. 6:20-CV-29, Dkt. 51 (W.D. Tex. July 22, 2020) .............................................................15

*CXT Sys., Inc. v. Acad., Ltd.*,
No. 2:18-CV-171, 2019 WL 1858301 (E.D. Tex. Mar. 11, 2019),
*report and recommendation adopted*,
2019 WL 1795929 (E.D. Tex. Apr. 24, 2019) ....................................................................5, 7

*Cywee Grp. Ltd. v. Huawei Device Co.*,
No. 2:17-CV-495, 2018 WL 3819392 (E.D. Tex. Aug. 10, 2018) ....................................4, 10

*De La Vega v. Microsoft Corp.*,
No. 6:19-CV-612, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)...........................................8

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
 888 F.3d 1256 (Fed. Cir. 2018)..................................................................5, 6

*Dodots Licensing Sol. LLC v. Lenovo Holding Co.*,
 No. 1:18-CV-98, 2018 WL 6629709 (D. Del. Dec. 19, 2018) ................................8

*Dueling v. Devon Energy Corp.*,
 623 F. App'x 127 (5th Cir. 2015) .........................................................................4

*E.I. Du Pont de Nemours and Co. v. Heraeus Holding GmbH*,
 No. 1:11-CV-773, 2012 WL 4511258 (D. Del. Sept. 28, 2012)............................15

*Encoditech LLC v. Qardio, Inc.*,
 No. 1:18-CV-2059, 2019 WL 2526725 (D. Del. June 19, 2019) .............................6

*Encoditech, LLC v. Citizen Watch Co. of Am., Inc.*,
 No. 5:18-CV-1335, 2019 WL 2601347 (W.D. Tex. June 25, 2019) ....................6, 7

*Eon Corp. IP Holdings, LLC v. Sensus USA, Inc.*,
 No. 3:12-CV-1011, 2012 WL 4514138 (N.D. Cal. Oct. 1, 2012) ....................11, 12

*Erickson v. Pardus*,
 551 U.S. 89 (2007)................................................................................................4

*Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*,
 No. 7:19-CV-26, 2019 WL 3818048 (W.D. Tex. June 13, 2019) .........................14

*Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*,
 No. 7:19-CV-26, 2019 WL 3818049 (W.D. Tex. June 13, 2019) .........................14

*Funk v. Stryker Corp.*,
 631 F.3d 777 (5th Cir. 2011) ............................................................................3, 9

*General Protecht Grp., Inc. v. Leviton Mfg. Co.*,
 651 F.3d 1355 (Fed. Cir. 2011)...........................................................................12

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*,
 313 F.3d 305 (5th Cir. 2002) ..............................................................................18

*Griggs v. Hinds Junior Coll.*,
 563 F.2d 179 (5th Cir. 1977) ................................................................................4

*Inhale, Inc v. Gravitron, LLC*,
 No. 1:18-CV-762, 2018 WL 7324886 (W.D. Tex. Dec. 10, 2018) ....................6, 14

*InMotion Imagery Tech. v. Brain Damage Films*,
 No. 2:11-CV-414, 2012 WL 3283371 (E.D. Tex. Aug. 10, 2012) ...................13, 16

*Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Ga., Inc.*,
    892 F.3d 719 (5th Cir. 2018) ...............................................................3

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
    No. 1:18-CV-452, 2019 WL 330515 (D. Del. Jan. 25, 2019) ...............................15

*Labyrinth Optical Techs., LLC v. Fujitsu Am., Inc.*,
    No. 8:13-CV-30, 2013 WL 12126111 (C.D. Cal. Aug. 21, 2013) ...................11, 12

*Lewis v. Fresne*,
    252 F.3d 352 (5th Cir. 2001) ...............................................................3

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
    869 F.3d 1372 (Fed. Cir. 2017)..........................................................14

*Lochner Techs., LLC v. AT Labs Inc.*,
    No. 2:11-CV-242, 2012 WL 2595288 (E.D. Tex. July 5, 2012) ...................10, 16

*Lone Star Document Mgmt., LLC v. Atalasoft, Inc.*,
    No. 2:11-CV-319, 2012 WL 4033322 (E.D. Tex. Sept. 12, 2012)..........................11

*Lormand v. U.S. Unwired, Inc.*,
    565 F.3d 228 (5th Cir. 2009) ...............................................................3

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
    No. 1:18-CV-309, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018)..................12, 14

*Merck & Co. v. Danbury Pharmacal, Inc.*,
    873 F.2d 1418 (Fed. Cir. 1989)..........................................................16

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
    545 U.S. 913 (2005)........................................................................17

*Motiva Patents, LLC v. Sony Corp.*,
    408 F. Supp. 3d 819 (E.D. Tex. 2019) ...............................................4, 18

*Nalco Co. v. Chem–Mod, LLC*,
    883 F.3d 1337 (Fed. Cir. 2018)......................................................4, 5, 9, 17

*Niazi v. Pressure Prods. Med. Supplies, Inc.*,
    No. 3:16-CV-670, 2017 WL 108114 (W.D. Wis. Jan. 11, 2017)..........................18

*Opticurrent, LLC v. Power Integrations, Inc.*,
    No. 2:16-CV-325, 2016 WL 9275395 (E.D. Tex. Oct. 19, 2016) ..........................10

*Oxygenator Water Techs., Inc. v. Tennant Co.*,
    No. 0:20-CV-358, 2020 WL 4572062 (D. Minn. Aug. 7, 2020)..............................9

*Packet Intelligence LLC v. NetScout Sys., Inc.*,
  965 F.3d 1299 (Fed. Cir. 2020) ..........................................................................9

*Panoptis Patent Mgmt., LLC v. Blackberry Corp.*,
  No. 2:16-CV-59, 2017 WL 780885 (E.D. Tex. Feb. 10, 2017) ................................5

*Parity Networks, LLC v. Cisco Sys., Inc.*,
  No. 6:19-CV-207, 2019 WL 3940952 (W.D. Tex. July 26, 2019) ...............................5, 7, 12

*Parus Holdings Inc. v. Apple*,
  No. 6:19-CV-432 (W.D. Tex. Feb. 20, 2020) ..........................................................15

*Pers. Audio, LLC v. Google, Inc.*,
  No. 1:15-CV-350, 2017 WL 4837853 (E.D. Tex. May 15, 2017) ...........................10

*Regents of the Univ. of Minn. v. AT&T Mobility LLC*,
  135 F. Supp. 3d 1000 (D. Minn. 2015) ..........................................................13, 15

*Ricoh Co. v. Quanta Comp. Inc.*,
  550 F.3d 1325 (Fed. Cir. 2008) ........................................................................17

*Script Security Sols. L.L.C. v. Amazon.com, Inc.*,
  170 F. Supp. 3d 928 (E.D. Tex. 2016) ..........................................................12, 17

*Slyce Acquisition, Inc. v. Syte - Visual Conception Ltd.*,
  422 F. Supp. 3d 1191 (W.D. Tex. 2019) ..........................................................3

*Test Masters Educ. Servs., Inc. v. Singh*,
  428 F.3d 559 (5th Cir. 2005) ........................................................................3

*Tierra Intellectual Borinquen, Inc. v. ASUS Comp. Int'l, Inc.*,
  No. 2:13-CV-44, 2014 WL 1233040 (E.D. Tex. Mar. 24, 2014) ...........................13

*Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*,
  No. 1:10-CV-715, 2011 WL 3946581 (N.D. Ill. Sept. 2, 2011) ...........................13

*Uniloc USA v. Motorola Mobility LLC*,
  No. 2:16-CV-989, 2017 WL 3721064 (E.D. Tex. May 15, 2017) ...........................12

*Walker Digital, LLC v. Facebook, Inc.*,
  852 F. Supp. 2d 559 (D. Del. 2012) ..........................................................13, 15

*Xpoint Techs., Inc. v. Microsoft Corp.*,
  730 F. Supp. 2d 349 (D. Del. 2010) ........................................................................15

*YETI Coolers, LLC v. RTIC Coolers*, LLC,
  No. 1:16-CV-264, 2016 WL 3970978 (W.D. Tex. July 19, 2016) ...................................15, 16

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)............................................................................................1, 3, 4

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos"), by and through its attorneys, hereby opposes defendant Hewlett Packard Enterprise Company's ("HPE") Motion to Dismiss Brazos's First Amended Complaint for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion," Dkt. 25). For the following reasons, the Motion should be denied in its entirety.

## I.    <u>INTRODUCTION</u>

"Motions attacking patent infringement pleadings are generally a waste of resources for the parties and the court . . . because the familiar *Twombly/Iqbal* pleading standard is not especially demanding, and . . . pretrial disclosures . . . force both sides to lay out their core contentions early in the case."[1] HPE's Motion is no exception. Brazos's First Amended Complaint ("FAC") is sufficient to put HPE on "fair notice" of the claims asserted against it and satisfy the *Twombly/Iqbal* pleading standard for both direct and indirect infringement. Moreover, Brazos has already served HPE with detailed infringement contentions, and had done so before HPE filed this Motion attacking the pleadings. HPE's Motion improperly argues form over substance, and is nevertheless meritless. Because HPE is on fair notice of the claims against it, its Motion should be denied.

## II.    <u>BACKGROUND</u>

Brazos filed its initial complaint against HPE on August 12, 2020 (Dkt. 1) alleging direct and indirect (induced and contributory) infringement of U.S. Patent No. 7,646,729 (the "'729 Patent" or the "Asserted Patent").[2] After HPE moved to dismiss, on November 6, 2020, Brazos

---

[1] *Ascion LLC v. Ashley Furniture Indus., Inc.*, No. 3:19-CV-856, 2020 WL 998733, at *1 (W.D. Wis. Mar. 2, 2020).

[2] On that same day or shortly thereafter, Brazos filed six other complaints in this District against HPE, each one asserting infringement of a different patent. *See* Case Nos. 6:20-cv-00725-ADA (W.D. Tex. Aug. 12, 2020), 6:20-cv-00726-ADA (W.D. Tex. Aug. 12, 2020), 6:20-cv-00727-

filed a first amended complaint ("FAC"), which added even more detailed allegations to an already-sufficient complaint. Dkt. 22. The FAC alleges that HPE directly infringes at least one claim of the '729 Patent, including by performing each and every element of at least claim 1 of the '729 Patent through its use of Accused Products,[3] at least through HPE's internal use and configuration of the Accused Products, providing services (*e.g.*, installation, deployment, and configuration of the Accused Products), and teaching/demonstrating during trainings and certification programs. *Id.* at ¶¶ 17, 23–24, 46–49. The FAC includes nineteen allegations, with diagrams and citations to HPE materials, that describe how the Accused Products operate to infringe at least claim 1 of the '729 Patent. *Id.* at ¶¶ 27–45. The FAC also alleges that HPE knowingly (at least as of service of the initial complaint) and actively induces and contributes to direct infringement by "customers, product makers, distributors, retailers, and/or end users of the Accused Products," with the specific intent that they infringe, including by teaching them to infringe by creating and disseminating the specific marketing and technical documents cited in the FAC. *Id.* at ¶¶ 50–55.

---

ADA (W.D. Tex. Aug. 12, 2020), 6:20-cv-00728-ADA (W.D. Tex. Aug. 12, 2020), 6:20-cv-00730-ADA (W.D. Tex. Aug. 12, 2020), 6:20-cv-00783-ADA (W.D. Tex. Aug. 26, 2020).

[3] The term "Accused Products" has the same meaning as in the FAC, and includes, but is not limited to, HPE's switches with support for Ethernet Ring Protection Switching ("ERPS"), including, but not limited to, FlexNetwork 7500 Series switches, HPE FlexFabric 5710 Series switches, Aruba CX 8400 Series switches, HPE FlexFabric 5940 and 5930 Series switches, HPE FlexFabric 12900E Series switches, HPE FlexNetwork 5130 HI Series switches, and HPE FlexNetwork 5510 HI Series switches. Dkt. 22 at ¶ 23 *see also id.* at ¶ 26.

On the same day Brazos filed its FAC, it also served HPE with detailed preliminary infringement contentions. Nevertheless, two weeks later, on November 20, HPE filed this Motion attacking the pleadings. Dkt. 25.[4]

## III.   LEGAL STANDARD

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) "are viewed with disfavor and are rarely granted." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005)); *accord Slyce Acquisition, Inc. v. Syte - Visual Conception, Ltd.*, 422 F. Supp. 3d 1191, 1198 (W.D. Tex. 2019) (Albright, J.). The court must "accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Ga., Inc.*, 892 F.3d 719, 726 (5th Cir. 2018). Further, "[a]ll questions of fact and any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001). The court "must consider the complaint in its entirety" as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

A complaint survives a Rule 12(b)(6) motion to dismiss if its facts, accepted as true and viewed in the light most favorable to the plaintiff, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" in support of the alleged claims. *Twombly*, 550

---

[4] The parties have already participated in an initial case management conference with the Court and filed proposed Scheduling and Discovery Orders. Dkts. 27, 31–32. The Court has set the Markman hearing for May 5, 2021, and Jury Selection and Trial for May 9, 2022. Dkts. 29–30.

U.S. at 556. "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (internal citation omitted); *accord Innova*, 892 F.3d at 726. "Thus, particularly where the relevant information is beyond the access of the plaintiff, courts should generally permit discovery to proceed unless the complaint recites no more than sheer speculation about the plaintiff's entitlement to relief." *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 827 (E.D. Tex. 2019).

A plaintiff is not required to prove its case at the pleading stage. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original) (quoting *Twombly*, 550 U.S. at 555). Additionally, "the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met." *Nalco Co. v. Chem–Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (citing *Bill of Lading*, 681 F.3d at 1335) (emphasis added); *accord Cywee Grp. Ltd. v. Huawei Device Co.*, No. 2:17-CV-495, 2018 WL 3819392, at *5 (E.D. Tex. Aug. 10, 2018). It is also inappropriate to resolve claim construction issues on a Rule 12(b)(6) motion. *See Nalco*, 883 F.3d at 1350.

Finally, "district courts must entertain a presumption in favor of granting parties leave to amend." *Dueling v. Devon Energy Corp.*, 623 F. App'x 127, 129 (5th Cir. 2015) (internal citation omitted) (holding the district court abused its discretion in denying plaintiffs' request for leave to amend). Granting leave to amend is especially appropriate in the context of dismissing for failure to state a claim. *Griggs v. Hinds Junior Coll.*, 563 F.2d 179, 180 (5th Cir. 1977).

## IV.   **ARGUMENT**

### A.   **Brazos Has Sufficiently Pled Direct Infringement**[5]

HPE's argument that Brazos failed to adequately allege direct infringement ignores the

detailed allegations in the FAC (Dkt. 22 at ¶¶ 23–24, 27–49), and seeks to impose an improper

standard by insisting that Brazos plead facts showing that each element of the asserted claim is

met and "provide evidence" that HPE has actually performed the steps of the method. Mot. at 8–

10.

The Federal Circuit has squarely rejected this overly stringent standard. In *Nalco*, the

Federal Circuit held that, notwithstanding the obviation of Form 18:

> [The plaintiff] need not "prove its case at the pleading stage." *Bill of Lading*, 681
> F.3d at 1339 (citing *Skinner*, 562 U.S. at 529–30). The complaint must place the
> "potential infringer . . . on notice of what activity . . . is being accused of
> infringement." *K–Tech*, 714 F.3d at 1284. [Plaintiff's] pleading clearly exceeds the
> minimum requirements under Rule 12(b)(6), especially as **the Federal Rules of
> Civil Procedure do not require a plaintiff to plead facts establishing that each
> element of an asserted claim is met.** *Bill of Lading*, 681 F.3d at 1335. The district
> court's failure to credit these allegations as true is reversible error.

---

[5] HPE does not (and cannot) genuinely dispute that it is has been put on "fair notice" of Brazos's
claims after receiving Brazos's infringement contentions. Instead, it argues only that the FAC is
insufficient, and that the Court must disregard Brazos's detailed contentions because they are not
expressly incorporated into the FAC. Mot. at 2 n.1. This argument elevates form over substance
and misses the point, which is to ensure that HPE is aware of the claims asserted against it. Here,
the FAC provides sufficient notice. Even if it did not, Brazos's detailed contentions remedy any
purported deficiencies. *See, e.g.*, *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-207,
2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019) (Albright, J.) ("[T]he Court finds that
Plaintiff's pleadings are sufficient and that any deficiencies will necessarily be addressed when
Plaintiff serves its infringement contentions as is required."); *see also Panoptis Patent Mgmt.,
LLC v. Blackberry Corp.*, No. 2:16-CV-59, 2017 WL 780885, at *4 (E.D. Tex. Feb. 10, 2017)
("[B]ecause infringement contentions are provided early in a patent infringement case, parties
should seriously question whether it is worth expending resources challenging the sufficiency of
a complaint as detailed as [plaintiff's]. . . . [I]n most cases, the result will be a command to the
Plaintiff to amend. If that command comes after the plaintiff has served infringement
contentions, a defendant gains nothing beyond whatever nuisance the motion creates for the
plaintiff.").

*Nalco*, 883 F.3d at 1350 (emphasis added); *accord Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1259–60 (Fed. Cir. 2018) (denying motion to dismiss because complaint identified three accused products and alleged that accused products met "each and every element of at least one claim" of the asserted patents, either literally or equivalently); *see also CXT Sys., Inc. v. Acad., Ltd.*, No. 2:18-CV-171, 2019 WL 1858301, at *3 (E.D. Tex. Mar. 11, 2019) (denying motion to dismiss where plaintiff "alleged that the accused products 'satisfy each and every limitation of one of more claims' of the [asserted patent]," and holding the complaint was not required to specifically track every single element of the asserted method claim), *report and recommendation adopted,* 2019 WL 1795929 (E.D. Tex. Apr. 24, 2019); *Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*, No. 2:15-CV-1274, 2016 WL 4778699, at *4 (E.D. Tex. Aug. 19, 2016) ("[I]n most patent cases, asking the plaintiff to provide an element-by-element analysis of the accused device in the complaint does not advance the goals of the Federal Rules of Civil Procedure."), *report and recommendation adopted*, 2016 WL 4771291 (E.D. Tex. Sept. 13, 2016).

Following *Disc Disease*, courts in this District have recognized that a plaintiff is only required "to identify and include product by name, allege that defendants make, sell, offer to sell, sell, import or use in the United States that accused product, and [] allege that the accused product satisfies each and every limitation of at least one claim." *Encoditech, LLC v. Citizen Watch Co. of Am., Inc.*, No. 5:18-CV-1335, 2019 WL 2601347, at *4 (W.D. Tex. June 25, 2019). For a method claim, an allegation that "the defendant[ ] has performed all of the steps of [the asserted claim] by its internal testing of the accused system" is sufficient to meet "the relatively low threshold for stating a claim of direct infringement set forth by the Federal Circuit in *Disc Disease*." *Id.* (citing *Encoditech LLC v. Qardio, Inc.*, No. 1:18-CV-2059, 2019 WL 2526725, at

6

*6 (D. Del. June 19, 2019)); *see also Inhale, Inc v. Gravitron, LLC*, No. 1:18-CV-762, 2018 WL 7324886, at *2 (W.D. Tex. Dec. 10, 2018) (denying motion to dismiss because mere allegation that defendant infringes "implies that [the defendant] 'meet[s] each and every claim'") (second alteration in original).

Brazos's FAC goes far beyond what is required. It is undisputed that the FAC alleges, among other things, the identity of exemplary accused products (Dkt. 22 at ¶ 23); that claim 1 is an exemplary claim practiced by the accused products (*id.* at ¶ 27); that "[t]he Accused Products are configured to perform each element of and infringe at least the exemplary claim 1 of the '729 Patent" (*id.*); nineteen allegations, with diagrams and citations to HPE's marketing and technical support materials, which describe the operation of the accused products and explains how they are configured to practice each and every element of at least claim 1 of the '729 Patent (*id.* at ¶¶ 27–45); and that HPE directly infringes at least one claim of the '729 Patent, including by performing each and every element of at least claim 1 (*id.* at ¶¶ 46–49). The FAC further explains:

> Upon information and belief, each and every element of at least claim 1 of the '729 Patent is practiced or performed by HPE at least through HPE's internal use and configuration of its own Accused Products, and/or through HPE's testing of the Accused Products, and/or through HPE's providing services for the Accused Products, including but not limited to providing installation, deployment, support, demonstrations, and configuration of the Accused Products.

> For example, upon information and belief, as part of HPE's business, HPE offers, for a fee, training and certification programs to its employees, customers, and partners that teach how to use and/or implement the Accused Products. Upon information and belief, HPE, while teaching others how to use and/or implement the Accused Products, performs demonstrations, and in so doing, practices each and every element of at least claim 1 of the '729 Patent.

*Id.* at ¶¶ 47–48; *see also id.* at ¶¶ 46, 49. The FAC even cites to a course overview for one of the referenced HPE certification programs. *Id.* at ¶¶ 17 & n.13.

These allegations are sufficient to state a claim for direct infringement against HPE. *See, e.g.*, *Encoditech*, 2019 WL 2601347, at *4; *CXT Sys.*, 2019 WL 1858301, at *3; *see also Parity Networks*, 2019 WL 3940952, at *2 (denying motion to dismiss sufficient notwithstanding argument that plaintiff did not "specify any of the claim elements or map them to the accused products in any way," and noting that "any deficiencies will necessarily be addressed" by plaintiff's infringement contentions).[6]

HPE's reliance on *De La Vega v. Microsoft Corp.*, No. 6:19-CV-612, 2020 WL 3528411, at *4 (W.D. Tex. Feb. 11, 2020) (Mot. at 10) does not show otherwise. In that case, the plaintiff admitted that infringement required at least three separate actors, yet failed to allege any facts that could support a claim for joint infringement. Given that a single actor could not infringe on its own, the Court questioned how either defendant could have directly infringed through internal testing. The plaintiff (and its complaints) offered no explanation. *Id.* The Court also noted that testing-based infringement was inconsistent with the allegations in the complaints, which focused direct infringement on "post-testing usage of the accused instrumentalities by [the two defendants] and their users," and that the evidence of testing cited by the plaintiff *pre-dated* the issuance of the asserted patent. *Id.* at *4–5. Thus, it was implausible that either defendant directly infringed through internal testing. *Id.* at *7. As such, the Court noted that, even *if* a single instance was possible, such a narrow (and improbable) occurrence was unlikely to support a meaningful claim for damages. *Id.* at *5 n. 7.

---

[6] Additionally, in *Dodots Licensing Sol. LLC v. Lenovo Holding Co.*, No. 1:18-CV-98, 2018 WL 6629709, at *3 (D. Del. Dec. 19, 2018), a case cited by HPE (Mot. at 6), the court rejected an identical argument that the plaintiff must plead facts to support an inference that the defendants actually used the product in an infringing manner. The court held that an allegation that the defendants use the accused devices, and "that that use purportedly results in performance of all of the steps of [the asserted claim] . . . is sufficient to put Defendants on notice as to how their use of [the accused product] constitutes direct infringement of [the asserted claim]." *Id.*

That is not the case here, as HPE can and does infringe the '729 Patent by performing each step of claim 1 as a regular part of its business, including through testing, providing services (*e.g.*, installation, deployment, and configuration of the Accused Products), and teaching/demonstrating during trainings and certification programs. Dkt. 22 at ¶¶ 47–48; *see, e.g.*, *Nalco*, 883 F.3d at 1353 (finding testing allegations sufficient); *see also Oxygenator Water Techs., Inc. v. Tennant Co*., No. 0:20-CV-358, 2020 WL 4572062, at *3 (D. Minn. Aug. 7, 2020) ("[Plaintiff] pleads plausible direct infringement claims based on allegations that [defendant] uses the accused product—that is, practices all steps of the claimed method—in testing and demonstrations that occur occasionally as part of [defendant's] manufacturing and sales processes.").[7]

Accordingly, the FAC sufficiently pleads direct infringement against HPE, and HPE's Motion must be denied.

### B.    Brazos Has Sufficiently Pled Induced and Contributory Infringement

HPE's motion to dismiss Brazos's indirect infringement claims must also be denied. Each of HPE's arguments fail for at least the reasons discussed below. Additionally, HPE has acknowledged the sufficiency of Brazos's indirect infringement allegations by routinely alleging the same (or less) to support its own claims of indirect infringement against others.[8]

---

[7] *Packet Intelligence LLC v. NetScout Sys., Inc.*, 965 F.3d 1299, 1315 (Fed. Cir. 2020) (Mot. at 10) is not to the contrary because, in that case, the plaintiff was simply unable to provide evidence that any pre-suit damages resulted from its internal testing activity, and the expert's damages base was not tailored to any alleged internal use of the claimed methods.

[8] *E.g.*, *Hewlett Packard Enter. Co. v. Quanta Computer, Inc. et al*., No. 5:20-cv-7407, Dkt. 1 at ¶¶ 29–30, 38–39 (N.D. Cal. Oct. 22, 2020) (Ex. A) (alleging indirect infringement by referring only to "customers" as potential direct infringers," alleging knowledge only as of the date of service of complaint, and including only a single conclusory sentence regarding "specific intent" for inducement); *Hewlett-Packard Co. v. ServiceNow, Inc*., No. 5:14-cv-570, Dkt. 1 at ¶¶ 23–24, 30–31, 37–38, 44–45, 51–52, 58–59, 65–66, 72–73 (N.D. Cal. Feb. 6, 2014) (Ex. B) (alleging indirect infringement by referring only to "others" as potential direct infringers," alleging

### 1.    Brazos Sufficiently Alleges Direct Infringement by Third Parties

HPE's argument that Brazos fails to allege direct infringement by a third party (Mot. at 10–11) is contradicted by the allegations in the FAC. The law is well-settled that "[t]o state a claim for indirect infringement . . . a plaintiff need not identify a *specific* direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists." *Bill of Lading*, 681 F.3d at 1336 (emphasis in original); *accord Cywee Grp. Ltd.*, 2018 WL 3819392, at *3; *Pers. Audio*, *LLC v. Google*, *Inc.*, No. 1:15-CV-350, 2017 WL 4837853, at *7 (E.D. Tex. May 15, 2017). Here, Brazos's FAC identifies several third parties that directly infringe the '729 Patent, including "customers, product makers, distributors, retailers, and/or end users." Dkt. 22 at ¶¶ 50–54. The FAC makes clear that "HPE's customers and end-users have used and continue to use the Accused Products in the United States in this manner and directly infringe the '729 Patent." *Id.* at ¶ 50; *accord id.* at ¶¶ 51–54.

These allegations are sufficient to allow an inference that at least one direct infringer exists, and survive HPE's motion to dismiss. *See, e.g.*, *Bill of Lading*, 681 F.3d at 1336 ("Given that a plaintiff's indirect infringement claims can succeed at trial absent direct evidence of a specific direct infringer, we cannot establish a pleading standard that requires something more."); *Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-CV-242, 2012 WL 2595288, at *3–4 (E.D. Tex. July 5, 2012) (holding that identifying direct infringers as "end users of the above-referenced products" is sufficient to survive a motion to dismiss indirect infringement claims); *Pers. Audio*, 2017 WL 4837853, at *7 ("Identifying 'customers' and 'manufacturers' behind the indirect infringement claims is sufficient at the pleading stage."); *Opticurrent*, *LLC v. Power*

---

knowledge only as of the filing of the complaint, and alleging inducement without mentioning "specific intent"); *see also Funk*, 631 F.3d at 783 (affirming that a court may take judicial notice of publicly-filed documents in other cases and consider them on a motion to dismiss).

*Integrations, Inc.*, No. 2:16-CV-325, 2016 WL 9275395, at *3 (E.D. Tex. Oct. 19, 2016)

(holding that general allegations that "customers . . . directly infringe the [asserted patent] by

using, importing, marketing, selling, or offering for sale the accused products" is sufficient to

state a claim for induced infringement); *Lone Star Document Mgmt., LLC v. Atalasoft, Inc.*, No.

2:11-CV-319, 2012 WL 4033322, at *4 (E.D. Tex. Sept. 12, 2012) ("generically identif[ying]

direct infringers as the 'end users in the Eastern District of Texas' . . . is sufficient to survive a

Motion to Dismiss"). Indeed, HPE has filed complaints with the same level of detail. *See* Ex. A,

Dkt. 1 at ¶¶ 29, 38, 50, 59 (HPE complaint referring only to "customers" as potential direct

infringer); Ex. B, Dkt. 1 at ¶¶ 24, 31, 38, 45, 52, 59, 66, 73 (HPE complaint filed referring only

to "others" as potential direct infringer).

## 2. Brazos Sufficiently Alleges the Requisite Knowledge for Indirect Infringement

HPE's contention that pre-suit knowledge is required to maintain a claim for indirect

infringement (Mot. at 11–14) is incorrect.[9]

In *Bill of Lading*, "the Federal Circuit [] held that knowledge of the asserted patent from a

complaint in the same case is sufficient to meet the knowledge requirement of indirect

infringement." *Labyrinth Optical Techs., LLC v. Fujitsu Am., Inc.*, No. 8:13-CV-30, 2013 WL

12126111, at *4 (C.D. Cal. Aug. 21, 2013) (discussing *Bill of Lading*, 681 F.3d at 1345); *Eon

Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. 3:12-CV-1011, 2012 WL 4514138, at *1 (N.D.

Cal. Oct. 1, 2012) ("Though the claims for indirect infringement both require knowledge of the

patent, the Federal Circuit has recently held that post-filing knowledge is sufficient to meet this

---

[9] Indeed, HPE routinely alleges indirect infringement against others based on post-suit knowledge. Ex. A, Dkt. 1 at ¶¶ 42, 31, 42, 52, 61 (HPE complaint alleging knowledge as of service of the complaint); Ex. B, Dkt. 1 at ¶¶ 23, 30, 37, 44, 51, 58, 65, 72 (HPE complaint alleging knowledge as of the filing of the complaint).

requirement."). This conclusion is consistent with Federal Circuit authority stating that a party "may seek to pursue claims that accrue during the pendency of a lawsuit." *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1345 (Fed. Cir. 2012). Because *Bill of Lading*'s determination that pre-suit knowledge is not required to state a claim for indirect infringement "rises to the level of a substantive question of patent law. . . . *Bill of Lading* is [] binding authority on this point." *Labyrinth*, 2013 WL 12126111, at *6; *accord Eon Corp.*, 2012 WL 4514138, at *1.[10]

Following *Bill of Lading*, courts in this District have denied motions to dismiss, like this one, premised on a failure to allege pre-suit knowledge. *See Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1:18-CV-309, 2018 WL 8261315, at *3 (W.D. Tex. Nov. 30, 2018) (citing *Bill of Lading* and denying motion to dismiss post-suit indirect infringement); *see also Affinity Labs of Texas, LLC v. Toyota Motor North Am., Inc.*, No. 6:13-CV-365, 2014 WL 2892285, at *5 (W.D. Tex. May 12, 2014) ("[T]he Court agrees with the line of cases holding that a defendant's knowledge of a patent can be established through the filing of the complaint."). This Court has also recognized that the "knowledge of the patent" requirement may be "pre-suit or *post*-suit knowledge," and simply serves to limit damages "to the time period that begins when defendant learns of the patent's existence." *Parity Networks*, 2019 WL 3940952, at *2 (internal citation omitted).

The majority of other courts considering the issue, including in East Texas and Delaware, agree that pre-suit knowledge is not required to state a claim of indirect infringement. *Script*

---

[10] "Although [the Federal Circuit] generally applies the law of the respective regional circuit on questions of procedure, [it] applies its own law in reviewing procedural matters arising from substantive issues in areas of law within its exclusive jurisdiction." *General Protech Grp., Inc. v. Leviton Mfg. Co.*, 651 F.3d 1355, 1359 (Fed. Cir. 2011).

*Security Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 937 (E.D. Tex. 2016); *see, e.g.*, *Uniloc USA v. Motorola Mobility LLC*, No. 2:16-CV-989, 2017 WL 3721064, at *4 (E.D. Tex. May 15, 2017) ("[T]his Court has long recognized that failing to allege pre-suit knowledge of the patent is not an adequate basis upon which to dismiss indirect infringement claims."); *Tierra Intellectual Borinquen, Inc. v. ASUS Comp. Int'l, Inc.*, No. 2:13-CV-44, 2014 WL 1233040, at *2 (E.D. Tex. Mar. 24, 2014) ("[A] pre-suit knowledge requirement for induced infringement would lead to absurd results. If pre-suit knowledge were required, companies would have carte blanche to induce infringement purposefully provided that they were unaware of the patent prior to suit."); *InMotion Imagery Techs. v. Brain Damage Films*, No. 2:11-CV-414, 2012 WL 3283371, at *3 (E.D. Tex. Aug. 10, 2012) ("Failing to allege pre-suit knowledge of the patent 'is not a basis to dismiss [plaintiff's] indirect infringement claims; as it cannot be disputed that [plaintiff] does sufficiently plead that the Moving Defendants had knowledge of the asserted patent for at least some time during the infringing period.'" (quoting *Lochner*, 2012 WL 2595288, at *3)); *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 565 (D. Del. 2012) ("[T]here is no legal impediment to having an indirect infringement cause of action limited to post-litigation conduct," and "a defendant's receipt of the complaint and decision to continue its conduct despite the knowledge gleaned from the complaint" is sufficient to plead induced infringement.); *Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, No. 1:10-CV-715, 2011 WL 3946581, at *4 (N.D. Ill. Sept. 2, 2011) ("The Court sees no reason why a defendant who is directly infringing on a product should avoid liability for an indirect infringement claim when it continues to sell the allegedly infringing product and encourages others to infringe, simply because it happened to learn of the patent in connection with a lawsuit."); *see also Regents of the Univ. of Minn. v. AT&T Mobility LLC*, 135 F. Supp. 3d 1000, 1010–12 (D. Minn. 2015)

(surveying district courts and finding that courts in Delaware, the Eastern District of Texas, the Northern District of California, and the Northern District of Illinois have allowed post-complaint inducement to be pleaded based on knowledge acquired as a result of the defendant's receipt of the complaint).

HPE's unsuccessful attempt to distinguish a few of these cases only highlights the flaws in its position. Mot. at 12–13. For example, HPE argues that *Bill of Lading* is no longer good law and "obsolete" because it relied on a now-defunct Form 18 pleading standard. But Form 18 applied only to *direct* infringement, and *Bill of Lading*'s indirect infringement analysis applied the still-applicable *Twombly* standard. 681 F.3d at 1330. *Bill of Lading* is not only good law on this point, but it is also considered binding on the issue of whether pre-suit knowledge is required to sustain a claim of indirect infringement. *See above* at 11–12; *see also*, *e.g.*, *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (relying on *Bill of Lading* to set forth pleading requirements for indirect infringement); *Inhale*, 2018 WL 7324886, at *2 (same). As to *Meetrix*, HPE simply *admits* that the court permitted post-suit indirect infringement claims to proceed. And finally, HPE attempts to distinguish the *Frac Shack* opinion cited in the FAC by relying on facts discussed in a different opinion against different defendants. *Id.* at 13 & n.5; *compare Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*, No. 7:19-CV-26, 2019 WL 3818048, at *3 (W.D. Tex. June 13, 2019) *with Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*, No. 7:19-CV-26, 2019 WL 3818049, at *4–5 (W.D. Tex. June 13, 2019). In the relevant decision cited by Brazos, the Court denied the motion to dismiss, stating "[t]he Amended Complaint specifically recite[d] that all Defendants have had knowledge . . . from at least the service of the Original Complaint . . . , and despite such knowledge, [defendant] continues to infringe the [asserted patent]." *See Frac Shack*, 2019 WL 3818048, at *2.

The authorities cited by HPE (Mot. at 11–12) are also unavailing. *Aguirre v. Powerchute Sports, LLC*, No. 5:10-CV-702, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) relied on *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349 (D. Del. 2010), which has since been expressly ***rejected*** by Delaware courts. *See, e.g.*, *Walker Digital*, 852 F. Supp. 2d at 565 (rejecting *Xpoint* and holding that "if a complaint sufficiently identifies . . . the patent at issue and the allegedly infringing conduct, a defendant's receipt of the complaint and decision to continue its conduct despite the knowledge gleaned from the complaint satisfies the requirements of *Global–Tech*"); *E.I. Du Pont de Nemours and Co. v. Heraeus Holding GmbH*, No. 1:11-CV-773, 2012 WL 4511258, at *5 n.2 (D. Del. Sept. 28, 2012); *see also IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 1:18-CV-452, 2019 WL 330515, at *4 & n.1 (D. Del. Jan. 25, 2019); *AT&T Mobility*, 135 F. Supp. 3d at 1011 ("*Xpoint* is clearly no longer the law in the District of Delaware."). Also, the plaintiff in *Aguirre* never alleged pre-suit or post-suit knowledge in the complaint. *Aguirre*, 2011 WL 2471299, at *3; *accord Aguirre v. Powerchute Sports, LLC*, No. 5:10-CV-702, 2011 WL 3359554, at *5 (W.D. Tex. Aug. 4, 2011).

HPE also cites to *Parus Holdings Inc. v. Apple*, No. 6:19-CV-432, (W.D. Tex. Feb. 20, 2020) (text order granting Dkt. 54), and *Castlemorton Wireless, LLC v. Bose Corp.*, No. 6:20-CV-29, Dkt. 51 (W.D. Tex. July 22, 2020), but those cases do not apply here. Neither case holds that pre-suit knowledge is required for a claim of indirect infringement. Instead, in *Parus* (which the Court followed in *Castlemorton*), this Court dismissed without prejudice the willful and indirect infringement claims so the plaintiff could replead those claims after discovery. *Parus*, Dkt. 107 at 46:19–48:13 (Ex. C). That way, even if discovery yielded no evidence of pre-suit knowledge, the Court could address the issue on a motion for summary judgment, rather than a

motion to dismiss. *Id.* The decision turned on procedure and timing, rather than substantive law.[11]

Accordingly, pre-suit knowledge is not required to state a claim for indirect infringement, and HPE has not shown, and cannot show, otherwise. It is undisputed that the FAC alleges HPE's knowledge of the '729 Patent and of the infringement as of the date of service of the initial complaint, and that, despite such knowledge, HPE continues to "actively and knowingly induce[] customers, product makers, distributors, retailers, and/or end users of the Accused Products to directly infringe one or more claims of the '729 Patent" and contribute to those third-parties' infringement. Dkt. 22 at ¶ 50; *see also id.* at ¶¶ 51–54. This is sufficient. *See, e.g.*, *Lochner*, 2012 WL 2595288, at *3.

### 3.    Brazos Sufficiently Pleads Specific Intent for Induced Infringement

The Court should also reject HPE's baseless contention that Brazos failed to allege the specific intent required to state a claim for inducement. Mot. at 14–16.

Courts in this District have "emphasize[d] the low threshold for proving concepts like knowledge and intent." *YETI Coolers, LLC v. RTIC Coolers*, LLC, No. 1:16-CV-264, 2016 WL 3970978, at *5 (W.D. Tex. July 19, 2016) (citing *Merck & Co. v. Danbury Pharmacal, Inc*., 873 F.2d 1418, 1422 (Fed. Cir. 1989)) ("Intent need not, and rarely can, be proven by direct evidence."); *see also id.* (recognizing that, as stated in *InMotion Imagery*, 2012 WL 3283371, at *3, "it is not necessary to provide detailed factual support for each and every element of inducement"). "[P]roviding instruction on how to engage in an infringing use 'show[s] an

---

[11] The Court explained that it did not see much difference between denying the motion to dismiss, and dismissing the claims without prejudice and allowing them to be repled after three months of discovery. Ex. C at 47:9–15, 48:20–49:4. The Court chose the latter approach after hearing arguments from the parties primarily about willfulness, which is not at issue here. *See id.* at 20–23, 32–35.

affirmative intent that the product be used to infringe.'" *Ricoh Co. v. Quanta Comp. Inc.*, 550 F.3d 1325, 1343 (Fed. Cir. 2008) (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,* 545 U.S. 913, 936 (2005)).

Brazos's FAC plainly pleads the requisite "specific intent" by HPE to induce infringement (Dkt. 22 at ¶ 50), and supports this assertion with detailed allegations explaining that HPE knowingly "directs, controls, and/or encourages customers' and/or end-users' performance of the claimed steps by taking active steps," by, among other things, "instructing end-users to use the Accused Products; creating and disseminating advertising and promotional materials that encourage the use of the Accused Products, . . . ; and providing training and certification programs that teach and demonstrate how to use and/or implement the Accused Products." *Id.* at ¶ 51; *see also id.* ("HPE has known that such activities induce end-users to infringe at least claim 1 of the '729 Patent since the date of service of the initial complaint."). The FAC also cites to specific HPE "manuals, instructional and support materials, and/or configuration guides for the Accused Products" that teach and/or instruct end-users to use and/or configure the Accused Products in an infringing manner. *Id.* at ¶ 52; *c.f.* Mot. at 13–15 (arguing that the FAC includes only a single conclusory statement, and citing inapposite cases).

These allegations are sufficient to state a plausible claim for induced infringement. *See, e.g.*, *Nalco*, 883 F.3d at 1355 (denying motion to dismiss where pleadings alleged defendants inducing actions included "providing instructions, support, and technical assistance for the use of the [accused instrumentality]"); *Script Security Sols.*, 170 F. Supp. 3d at 936 (denying motion to dismiss induced infringement where "the defendants induced customers to infringe the patents by instructing them in advertising and promotion to use the accused products in an infringing way"); *Canon, Inc. v. TCL Elecs. Holdings Ltd.*, No. 2:18-CV-546, 2020 WL 1478356, *5–6 (E.D. Tex.

Mar. 25, 2020) (denying motion to dismiss induced and contributory infringement claims despite the lack of specifics in how the material the accused infringers disseminated in connection with the accused product encouraged infringement); *Motiva Patents*, 408 F. Supp. 3d at 830–33 (denying motion to dismiss because complaint contained general allegations that the end-user's of the accused software product were the direct infringers and that the accused infringer through its advertising and instruction manuals encouraged the end user to use the product in an infringing manner); *Niazi v. Pressure Prods. Med. Supplies, Inc.*, No. 3:16-CV-670, 2017 WL 108114, at \*2 (W.D. Wis. Jan. 11, 2017) (denying motion to dismiss indirect infringement claims that merely "recited claim elements" because upcoming conference would require the plaintiff to disclose what it is looking for "without the need for motion practice over the form of the complaint"); *see also* Ex. A, Dkt. 1 at ¶¶ 29, 38, 50, 59 (complaint filed by HPE alleging only a single conclusory sentence regarding specific intent); Ex. B, Dkt. 1 at ¶¶ 20, 22–24, 29–31, 36–38, 43–45, 50–52, 57–59, 64–66, 71–73 (complaint filed by HPE alleging inducement without even mentioning "specific intent").

### 4. At a Minimum, the Court Should Grant Leave to Amend

Although the Motion should be denied in its entirety, if the Court disagrees, Brazos respectfully requests leave to amend. *See, e.g.*, *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).

## V. <u>CONCLUSION</u>

For the foregoing reasons, the FAC is sufficient to put HPE on the requisite "fair notice" of the claims asserted against it, and thus satisfy the *Twombly/Iqbal* pleading standard. As such, Brazos respectfully requests that the Court deny HPE's Motion to Dismiss in its entirety. Alternatively, Brazos seeks leave to amend its complaint.

Respectfully submitted,

Dated: December 11, 2020

Edward J. Naughton
(*pro hac vice*)
enaughton@brownrudnick.com
Rebecca MacDowell Lecaroz
(*pro hac vice*)
rlecaroz@brownrudnick.com
BROWN RUDNICK LLP
One Financial Center
Boston, Massachusetts 02111
telephone:   (617) 856-8200
facsimile:   (617) 856-8201

Alessandra C. Messing
(*pro hac vice*)
amessing@brownrudnick.com
Timothy J. Rousseau
(*pro hac vice*)
trousseau@brownrudnick.com
Yarelyn Mena
(*pro hac vice*)
ymena@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, New York 10036
telephone:   (212) 209-4800
facsimile:   (212) 209-4801

David M. Stein
Texas State Bar No. 797494
dstein@brownrudnick.com
Sarah G. Hartman
California State Bar No. 281751
shartman@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California 92612
telephone:   (949) 752-7100
facsimile:   (949) 252-1514

/s/ Raymond W. Mort, III
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com
THE MORT LAW FIRM, PLLC
100 Congress Avenue, Suite 2000
Austin, Texas 78701
tel/fax:   (512) 677-6825

*Counsel for Plaintiff*
*WSOU Investments, LLC d/b/a*
*Brazos Licensing and Development*

19