# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br>                  Plaintiff,<br><br>   v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br>                  Defendant. | Civil Action No. 6:20-cv-00729-ADA |

**HEWLETT PACKARD ENTERPRISE COMPANY'S
<u>PRELIMINARY INVALIDITY CONTENTIONS FOR THE '729 PATENT</u>**

Contentions are made in a variety of alternatives and do not represent HPE's agreement with Plaintiff's apparent applications or view as to the meaning, definiteness, written description support for, or enablement of any claim contained therein.

### III. "[A]n identification of any limitations the Defendant contends are indefinite or lack written description under section 112."

Pursuant to the Court's Order, HPE provides the following grounds upon which HPE presently contends the asserted claims of the asserted '729 patent are invalid for failure to meet one or more of the requirements of 35 U.S.C. § 112.  A more detailed basis for HPE's 35 U.S.C. § 112 positions, as is available when expert analysis and opinion becomes available pursuant to the schedule and can be brought to bear, will be set forth in HPE's expert reports on invalidity to be served in accordance with the Court's Orders.

Invalidity under § 112 may depend upon the Court's claim constructions as well as Plaintiff's infringement contentions and the claim scope asserted by Plaintiff in its claim construction briefing.  Consequently, HPE is identifying only those issues of invalidity under 35 U.S.C. § 112 of which its currently aware, and based upon Plaintiff's initially asserted scope of the claims as set forth in its infringement contentions.  HPE reserves the right to modify these contentions in light of any claim construction order(s) by the Court and the positions taken by Plaintiff in its infringement contentions and claim construction briefing.

All of the asserted claims do not satisfy the definiteness requirement under 35 U.S.C. § 112, because those skilled in the art would not understand the full scope of the asserted claims when read in the light of their specification.  35 U.S.C. § 112 provides that "[t]he specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention."  35 U.S.C. § 112 ¶ 2 (pre-AIA); 35 U.S.C. § 112(b) (AIA).  If a claim fails to satisfy the definiteness requirement, it is invalid.  *See,*

14

*e.g.*, *Bancorp Servs., LLC v. Hartford Life Ins. Co.*, 359 F.3d 1367, 1371 (Fed. Cir. 2004). " [A] patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014). "A claim is considered indefinite if it does not reasonably apprise those skilled in the art of its scope." *IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377, 1383–84 (Fed Cir. 2005) (concluding as indefinite a claim that covers both an apparatus and a method of use).

Some or all of the asserted claims do not satisfy the written description requirement under 35 U.S.C. § 112, paragraph 1, because the specification and claims do not convey with reasonable clarity to those skilled in the art that, as of the filing date sought, the inventors were in possession of subject matter such as that alleged to infringe. *See Falko-Gunter Falkner v. Inglis*, 448 F.3d 1357, 1365 (Fed. Cir. 2006); *see also Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473 (Fed. Cir. 1998) and subsequent cases citing it. Some or all of the asserted claims do not satisfy the written description requirement under 35 U.S.C. § 112, paragraph 2, because the purported invention set forth in the claims is not what the applicant regarded as his invention. *Allen Engineering Co. v. Bartell Industries, Inc.*, 299 F.3d 1336, 1349 (Fed. Cir. 2002); *see also In re Prater*, 415 F.2d 1393, 1404 (CCPA 1970) and subsequent cases citing it. Inclusion below on the list of elements that do not satisfy the written description requirement includes either or both of paragraphs 1 and 2.

Many of the preliminary contentions below are based on Plaintiff's apparent interpretation of the claims and on how Plaintiff has applied the claims in its Infringement Contentions. However, these contentions do not represent agreement or view as to the meaning, definiteness, written description support for, or enablement of any of the Asserted Claims.

The following claim terms of the '729 patent are indefinite, not reasonably certain, and are nowhere defined or explained with specificity in the patent or prosecution history:

- "nodal area,"[4]

- "adapting a Sniffer to collect information,"

- "configuring the sniffer as a partition designated inner nodal-area node of the first outer nodal area;"

- "configuring the sniffer as a partition designated inner nodal-area node of the second outer nodal area;"

- "configuring the sniffer as a partition designated inner nodal-area node of the remaining outer nodal area;"

- "network management system,"

- "two-level node such that, at one level, the node functions as a member of the inner nodal area and, at another level, the node functions as a member of the respective outer nodal area,"

The following claim terms of the '729 patent lack sufficient written description support and/or are otherwise invalid under § 112:

- "nodal area,"

- "adapting a Sniffer to collect information,"

- "configuring the sniffer as a partition designated inner nodal-area node of the first outer nodal area;"

- "configuring the sniffer as a partition designated inner nodal-area node of the second outer nodal area;"

- "configuring the sniffer as a partition designated inner nodal-area node of the remaining outer nodal area;"

- "network management system,"

---

[4] Listing of a limitation encompasses each use of that element and its sub-elements/terms elsewhere in the claims. For instance, including "nodal area" as part of this element encompasses all the other instances in which "sniffer" is used in the claims. The same is true for the listing of claim limitations/terms regarding written description.

16

- "two-level node such that, at one level, the node functions as a member of the inner nodal area and, at another level, the node functions as a member of the respective outer nodal area,"

The asserted claims of the '729 patent are also invalid for failure to satisfy the written description requirement of 35 U.S.C. § 112 by failing to include a written description sufficient to show the named inventors were in possession of the full scope of the claimed invention in general, at least as Plaintiff appears to be construing the claims. The specification of the '729 patent makes clear that, to the extent it discloses any purported invention, the inventors considered that invention to be a method for managing a communications network by determining network topology. Yet, setting aside specific elements of the asserted claims, when looking at the asserted claims as a whole, they do not explicitly include limitations directed to managing network traffic nor limitations to any actions that could be taken in management of the communications network. The asserted claims are thus invalid as a whole as lacking written description because, at least as apparently construed by Plaintiff, they are not limited to the purported invention described in the specification, and thus not fully supported by the specification's disclosure. Stated another way, the asserted claims, as Plaintiff apparently construes them, claim more than the inventors purport in the specification to have invented.

## IV. "[A]n identification of any claims the Defendant contends are directed to ineligible subject matter under section 101."

The asserted claims of the asserted patent are also invalid as directed to ineligible subject matter under 35 U.S.C. § 101, at least as Plaintiff appears to be construing the claims. The specification of the '729 patent makes clear that, to the extent it discloses any purported invention, the inventors considered that invention to be a method for managing a communications network by determining network topology. Configuring a sniffer, collecting information from first and second nodal areas, and determining network topology, without more,

17

is simply the abstract idea of collecting information and analyzing it. Moreover, the limitations that are included in the asserted claims are at most conventional network technology found in the prior art, arranged as arranged in the prior art, or, at most represent no more than the abstract idea of collecting and analyzing information. The asserted claims are thus invalid as a whole as claiming ineligible subject matter, at least as apparently construed by Plaintiff.

## V.     Accompanying Document Production

### A.  "[A]ll prior art referenced in the invalidity contentions."

Pursuant to the Court's Order, HPE, identifies the Bates ranges HPE_WSOU_00000001 – HPE_WSOU_00005012, which includes prior art references and corroborating evidence concerning prior art systems that do not appear in the file histories of the patents-in-suit, to the extent such evidence is available to HPE at this time. These prior art references and corroborating evidence are cited in and support the invalidity claim charts incorporated by reference, and are evidence of the state of the art at the time of the purported inventions. Citations to prior art by Bates number in the Claim Chart Exhibits are also incorporated by reference.

HPE's search for prior art references, additional documentation, and/or corroborating evidence concerning prior art systems is ongoing. Accordingly, HPE reserves the right to continue to supplement its production as HPE obtains additional prior art references, documentation, and/or corroborating evidence concerning invalidity during the course of discovery.

### B.     "[T]echnical documents, including software where applicable, sufficient to show the operation of the accused product(s)."

Pursuant to the Court's Order, HPE has produced or is producing technical documentation for the accused products in this and the six related cases brought by Plaintiff in

Date:  January 11, 2021                    Respectfully submitted,

By:  */s/ Michael R. Franzinger*

Michael D. Hatcher
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone:  (214) 981-3300
Facsimile:  (214) 981-3400
mhatcher@sidley.com

Michael R. Franzinger
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 736-8000
Facsimile:  (202) 736-8711
mfranzinger@sidley.com

Barry K. Shelton
Texas State Bar No. 24055029
SHELTON COBURN LLP
311 RR 620, Suite 205
Austin, TX 78734-4775
Telephone: (512) 263-2165
Facsimile: (512) 263-2166
bshelton@sheltoncoburn.com

**COUNSEL FOR DEFENDANT
HEWLETT PACKARD ENTERPRISE COMPANY**