# EXHIBIT 6

 Uɴɪᴛᴇᴅ Sᴛᴀᴛᴇs Pᴀᴛᴇɴᴛ ᴀɴᴅ Tʀᴀᴅᴇᴍᴀʀᴋ Oғғɪᴄᴇ

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/303,637 | 06/13/2014 | Sindhu K. Mohandas | 813589 (ALU-1030) | 9108 |

75930            7590            10/08/2015
LOZA & LOZA, LLP/Alcatel-Lucent
Jessica W. Smith, Esq.
305 North 2nd Avenue, #127
Upland, CA 91786

| EXAMINER |
|---|
| HARPER, KEVIN C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2462 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 10/08/2015 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

jessica-pto@lozaip.com

PTOL-90A (Rev. 04/07)

| ***Office Action Summary*** | Application No.<br>14/303,637 | Applicant(s)<br>MOHANDAS ET AL. | | |
|---|---|---|---|---|
| | Examiner<br>Kevin C. Harper | Art Unit<br>2462 | AIA (First Inventor to File)<br>Status<br>Yes | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>13 June 2014</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a)☐ This action is **FINAL**.   2b)☒ This action is non-final.
3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5)☒ Claim(s) <u>1-20</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6)☒ Claim(s) <u>17-20</u> is/are allowed.
7)☒ Claim(s) <u>1,3-9 and 11-13</u> is/are rejected.
8)☒ Claim(s) <u>2,10 and 14-16</u> is/are objected to.
9)☐ Claim(s) _____ are subject to restriction and/or election requirement.
* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10)☐ The specification is objected to by the Examiner.
11)☒ The drawing(s) filed on <u>13 June 2014</u> is/are: a)☒ accepted or b)☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
**Certified copies:**
   a)☐ All   b)☐ Some**  c)☐ None of the:
   1.☐ Certified copies of the priority documents have been received.
   2.☐ Certified copies of the priority documents have been received in Application No. _____.
   3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)
2)☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
   Paper No(s)/Mail Date _____.
3)☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____.
4)☐ Other: _____.

U.S. Patent and Trademark Office
PTOL-326 (Rev. 11-13)   Office Action Summary   Part of Paper No./Mail Date 20151001

Application/Control Number: 14/303,637                                              Page 2
Art Unit: 2462

The present application, filed on or after March 16, 2013, is being examined under the

first inventor to file provisions of the AIA.


### *Statement Regarding 35 U.S.C. 112(f) (or 112 6th paragraph, pre-AIA)*

The following is a quotation of 35 U.S.C. 112(f):

(f) Element in Claim for a Combination. – An element in a claim for a combination may be expressed
as a means or step for performing a specified function without the recital of structure, material, or acts
in support thereof, and such claim shall be construed to cover the corresponding structure, material, or
acts described in the specification and equivalents thereof.

The following is a quotation of pre-AIA 35 U.S.C. 112, sixth paragraph:

An element in a claim for a combination may be expressed as a means or step for performing a
specified function without the recital of structure, material, or acts in support thereof, and such claim
shall be construed to cover the corresponding structure, material, or acts described in the specification
and equivalents thereof.

Examiner considers only claims 1-8 and 17-20 as invoking 35 U.S.C. 112(f) due to

generic placeholder terminology in the claims (i.e., processing module and memory).

The structure described in the specification in figs. 6-7 and para. 79 is generally

recognized in the electric art (such as a computer, processor, specialized hardware, specialized

software, etc., to realize the invention). Therefore, Examiner finds the structure recited in the

claims is reasonably supported by the specification under 35 U.S.C. 112 (a) and (b) (or 35 U.S.C.

112, first and second paragraphs, pre-AIA) whether 35 U.S.C. 112(f) is invoked or not.

If applicant wishes to provide further explanation or dispute Examiner's interpretation of

the corresponding structure, Applicant must identify the corresponding structure with reference

to the specification by page and line number, and to the drawing, if any, by reference characters

in response to this Office action. For more information, see MPEP § 2173 *et seq.* and

Application/Control Number: 14/303,637                                   Page 3
Art Unit: 2462

*Supplementary Examination Guidelines for Determining Compliance With 35 U.S.C. 112 and for*

*Treatment of Related Issues in Patent Applications*, 76 FR 7162, 7167 (Feb. 9, 2011).


### *Claim Objections*

1.      Claims 15 and 16 are objected to because "the global list" lacks antecedent basis.

Appropriate correction is required.


### *Claim Rejections - 35 USC § 103*

The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness

rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not
> identically disclosed as set forth in section 102 of this title, if the differences between the claimed
> invention and the prior art are such that the claimed invention as a whole would have been obvious
> before the effective filing date of the claimed invention to a person having ordinary skill in the art to
> which the claimed invention pertains.  Patentability shall not be negated by the manner in which the
> invention was made.

This application currently names joint inventors. In considering patentability of the

claims the examiner presumes that the subject matter of the various claims was commonly

owned as of the effective filing date of the claimed invention(s) absent any evidence to the

contrary.  Applicant is advised of the obligation under 37 CFR 1.56 to point out the inventor and

effective filing dates of each claim that was not commonly owned as of the effective filing date

of the later invention in order for the examiner to consider the applicability of 35 U.S.C.

102(b)(2)(C) for any potential 35 U.S.C. 102(a)(2) prior art against the later invention.

Claims 1 and 4-7 are rejected under 35 U.S.C. 103 as being unpatentable over Thubert et

al. (US 2008/0080414) in view of Koehler et al. (US 2012/0259992).

4

Application/Control Number: 14/303,637                                          Page 4
Art Unit: 2462

2.      Regarding claims 1, Thubert discloses a WLAN controller in a mobility domain (fig. 1)

comprising a memory and a processing module (paras. 189 and 191), the module operable to

determine an address of a seed WLAN controller (para. 153, second sentence).

However, Thubert does not disclose registering with the seed controller and receiving

information for other WLAN controllers from the seed controller. Koehler discloses this feature

(figs. 2, 4A and 4C; para. 48, 3rd sentence; para. 24, last two sentences; para. 57, last sentence).

Therefore, it would have been obvious to one skilled in the art before the effective filing date of

the claimed invention to register and receive information from a seed controller in the invention

of Thubert in order to manage a WLAN domain as desired as is known in the art (Koehler, paras.

24, 43, 48, 57 and 60).

3.      Regarding claims 4-5, in Thubert the controllers are in different layer 2/3 access networks

(fig. 1; paras. 39 and 61; note: IP and MAC).

4.      Regarding claims 6-7, these limitation has been addressed in the rejection of claim 1

above where client tables are synchronized (Koehler, fig. 4A and para. 24, last two sentences;

para. 43 and 60).


        Claims 3, 9 and 11-13 are rejected under 35 U.S.C. 103 as being unpatentable over

Thubert in view of Koehler, and in further view of Kafle et al. (US 20140003282).

5.      Regarding claim 3, Thubert in view of Koehler does not disclose obtaining IP addresses

of other controllers (Koehler, fig. 4A; note: only MAC addresses are in the distributed table -

paras. 24 and 57). However, Kafle discloses controllers know IP addresses of other controllers

(para. 40). Therefore, it would have been obvious to one skilled in the art before the effective

Application/Control Number: 14/303,637                                    Page 5
Art Unit: 2462

filing date of the claimed invention to maintain IP addresses of other controllers in the invention

of Thubert in order to manage a WLAN domain as desired as is known in the art (Kafle, para.

40).

6.      Regarding claims 9 and 11-13, these limitations have been addressed in the rejections of

claims 1, 3, 6-7 above.


        Claim 8 is rejected under 35 U.S.C. 103 as being unpatentable over Thubert in view of

Koehler, and in further view of Pedersen (US 2003/0037148).

7.      Thubert does not disclose obtaining an address of a seed controller from a server.

However, Pedersen discloses obtaining addresses of control devices from a network manager

(para. 19). Therefore, it would have been obvious to one skilled in the art before the effective

filing date of the claimed invention to request an address of a seed controller from a

configuration server in the invention of Thubert in order to manage a network as desired as is

known in the art (Pedersen, para. 19).


                            *Allowable Subject Matter*

        Claims 2, 10 and 14-16 are objected to as being dependent upon a rejected base claim,

but would be allowable if rewritten in independent form including all of the limitations of the

base claim and any intervening claims.

        Claims 17-20 are allowed.

Application/Control Number: 14/303,637 Page 6
Art Unit: 2462

### *Conclusion*

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Kevin Harper whose telephone number is 571-272-3166. The examiner can normally be reached weekdays from 11:00 AM to 7:00 PM ET.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Yemane Mesfin, can be reached at 571-272-3927. The centralized fax number for the Patent Office is 571-273-8300. For non-official communications, the examiner's personal fax number is 571-273-3166 and the examiner's e-mail address is kevin.harper@uspto.gov.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications associated with a customer number is available through Private PAIR only. For more information about the PAIR system, see portal.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/Kevin C. Harper/

Primary Examiner, Art Unit 2462

<table>
<tr><td colspan="2" align="center"><u>Certification under 37 C.F.R. §1.8</u></td></tr>
</table>

Date of Mailing or Transmission:   February 8, 2016

I hereby certify that I have caused the document indicated herein on the date indicated above to be transmitted via the Office electronic filing system in accordance with 37 C.F.R. §1.6(a)(4).

**BY:**   /Jessica W. Smith /                                      **Name:**   Jessica W. Smith
          <span>Signature</span>                                                      <span>Typed Name</span>

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| **1st Named Inventor:** | Sindu K. Mohandas | **Examiner:** | Kevin C. Harper |
| **Application No.:** | 14/303,637 | **Art Unit:** | 2462 |
| **Filing Date:** | 06/13/2014 | **Docket No.:** | 813589 (ALU-1030) |
| **Confirmation No.:** | 9108 | | |
| **Title:** | SYSTEM AND METHOD FOR A DISTRIBUTED WIRELESS NETWORK | | |

## RESPONSE TO NON-FINAL OFFICE ACTION

Date: February 8, 2016

United States Patent and Trademark Office
P. O. Box 1450
Alexandria, VA   22313-1450

In response to the non-final office action dated October 8, 2015 regarding the above-captioned patent application, the Applicant respectfully submits the following amendment and response.

Application No. 14/303,637                                      Docket No. 813589

## AMENDMENT TO THE CLAIMS

1.      (Currently Amended) A wireless local area network (WLAN) controller in a mobility domain, comprising:

      at least one memory; and

      a processing module operable to:

            determine an address of at least one seed WLAN controller in the mobility domain;

              register with the at least one seed WLAN controller in the mobility domain by:

                  transmitting a register request including a layer 3 address of the WLAN controller to the at least one seed WLAN controller with a mobility domain identifier of the mobility domain; and

                  receiving a register acknowledgement from the at least one seed WLAN controller when the mobility domain identifier matches a mobility domain identifier of the at least one seed WLAN controller; and

              receive information for other WLAN controllers in the mobility domain from the at least one seed WLAN controller.

2.      (Canceled)

3.      (Original) The WLAN controller of claim 1, wherein the information for other WLAN controllers in the mobility domain from the at least one seed WLAN controller includes at least an IP address for the other WLAN controllers in the mobility domain.

4.      (Original) The WLAN controller of claim 1, wherein the WLAN controller is in a first access network and wherein the at least one seed WLAN controller is in a second, different access network.

5.      (Original) The WLAN controller of claim 4, wherein the first access network includes at least one of:   a layer 2 network and a layer 3 network and wherein the second, different access network includes at least a different one of:   a layer 2 network and a layer 3 network.

2

Application No. 14/303,637                                    Docket No. 813589

6.      (Original) The WLAN controller of claim 5, wherein the processing module is further operable to:

receive synchronized wireless device information from the at least one seed WLAN controller in the mobility domain.

7.      (Original) The WLAN controller of claim 6, wherein the synchronized wireless device information includes information to allow a wireless device to roam between a first AP adopted by the WLAN controller in the first access network and a second AP adopted by the seed WLAN controller in the second, different access network.

8.      (Original) The WLAN controller of claim 1, wherein the processing module is operable to determine an address of at least one seed WLAN controller in the mobility domain by:

transmitting a discover request to a configuration server; and

receiving a discover response that includes the address of the at least one seed WLAN controller.

9.      (Currently Amended) A method for discovery by a WLAN controller in a mobility domain, comprising:

determining a layer 3 address of at least one seed WLAN controller in the mobility domain;

registering with the at least one seed WLAN controller in the mobility domain;

receiving information for other WLAN controllers in the mobility domain from the at least one seed WLAN controller; ~~and~~

receiving synchronized wireless device information from the at least one seed WLAN controller in the mobility domain<u>;</u>

<u>transmitting a register request including a layer 3 address of the WLAN controller to the at least one seed WLAN controller with a mobility domain identifier of the mobility domain; and</u>

<u>receiving a register acknowledgement from the at least one seed WLAN controller when the mobility domain identifier matches a mobility domain identifier of the at least one seed WLAN controller.</u>

3

Application No. 14/303,637                                              Docket No. 813589

10.      (Canceled) Please cancel claim 10.

11.      (Original) The method of claim 9, wherein the information for other WLAN controllers in the mobility domain from the at least one seed WLAN controller includes at least an IP address for the other WLAN controllers in the mobility domain.

12.      (Original) The method of claim 9, wherein the WLAN controller is in a first access network and wherein the at least one seed WLAN controller is in a second, different access network.

13.      (Original) The method of claim 12, wherein the first access network includes at least one of:    a layer 2 network and a layer 3 network and wherein the second, different access network includes at least a different one of:    a layer 2 network and a layer 3 network.

14.      (Currently Amended) ~~The method of claim 9, further comprising:~~ A method for discovery by a WLAN controller in a mobility domain, comprising:

determining a layer 3 address of at least one seed WLAN controller in the mobility domain;

registering with the at least one seed WLAN controller in the mobility domain;

receiving information for other WLAN controllers in the mobility domain from the at least one seed WLAN controller;

receiving synchronized wireless device information from the at least one seed WLAN controller in the mobility domain;

intercepting a control message from a configuration server to an access point by the WLAN controller, wherein the control message includes a global list of WLAN controllers;

altering the global list of WLAN controllers to generate an altered list of WLAN controllers; and

transmitting the control message to the access point with the altered list of WLAN controllers.

4

Application No. 14/303,637                                          Docket No. 813589

15.     (Currently Amended) The method of claim 14 [[9]], wherein the AP is directly connected
to the WLAN controller; and

    wherein altering the global list of WLAN controllers to generate an altered list of WLAN
controllers includes:

        inserting an address of the WLAN controller; and

        re-prioritizing the global list of WLAN controllers such that the address of the
WLAN controller has a highest priority address in the altered list of WLAN controllers.


16.     (Currently Amended) The method of claim 14 [[9]], wherein the AP is indirectly
connected to the WLAN controller; and

    wherein altering the global list of WLAN controllers to generate an altered list of WLAN
controllers includes:

        inserting an address of the WLAN controller; and

        re-prioritizing the global list of WLAN controllers such that the address of the
WLAN controller has a highest priority address in the altered list of WLAN controllers.


17.     (Original) A WLAN controller in a mobility domain, comprising:

    at least one memory; and

    at least one processing module operable to:

        register with the at least one seed WLAN controller in the mobility domain;

        receive address information for other WLAN controllers in the mobility domain
from the at least one seed WLAN controller;

        receive synchronized wireless device information from the at least one seed
WLAN controller in the mobility domain;

        intercept a control message from a configuration server to an access point,
wherein the control message includes a global list of WLAN controllers in the mobility
domain;

        alter the global list of WLAN controllers to generate an altered list of WLAN
controllers; and

        transmit the control message to the access point with the altered list of WLAN
controllers.

5

Application No. 14/303,637                                        Docket No. 813589

18.      (Original) The WLAN controller of claim 17, wherein the processing module is further operable to determine an address of at least one seed WLAN controller in the mobility domain by:

transmitting a register request including a layer 3 address of the WLAN controller to the at least one seed WLAN controller with a mobility domain identifier of the mobility domain; and

receiving a register acknowledgement from the at least one seed WLAN controller when the mobility domain identifier matches a mobility domain identifier of the at least one seed WLAN controller.

19.      (Original) The WLAN controller of claim 17, wherein the WLAN controller is in a first access network that includes at least one of:   a layer 2 network and a layer 3 network and wherein the at least one seed WLAN controller is in a second, different access network that includes at least a different one of:   a layer 2 network and a layer 3 network.

20.      (Original) The WLAN controller of claim 19, wherein the synchronized wireless device information includes information to allow a wireless devices to roam between a first AP adopted by the WLAN controller in the first access network and a second AP adopted by the seed WLAN controller in the second, different access network.

6

Application No. 14/303,637                                    Docket No. 813589

**REMARKS/ARGUMENTS**

**I.       Status of the Claims**

Claims 1, 3-9, 11-20 are pending.   Claims 1, 9, 14, 15 and 16 are amended.

**II.      Objection to Statement Regarding 35 U.S.C. §112(f)**

On page 2, the Office Action asserts that claims 1-8 and 17-20 invoke 35 U.S.C. 112(f). The Office Action states on page 2 that:

> "Examiner considers only claims 1-8 and 17-20 as invoking 35 U.S.C. 112(f) due to generic placeholder terminology in the claims (i.e., processing module and memory). The structure described in the specification in figs. 6-7 and para. 79 is generally recognized in the electric art (such as a computer, processor, specialized hardware, specialized software, etc., to realize the invention). Therefore, Examiner finds the structure recited in the claims is reasonably supported by the specification under 35 U.S.C. 112 (a) and (b) (or 35 U.S.C. 112, first and second paragraphs, pre-AIA) whether 35 U.S.C. 112(f) is invoked or not."

Applicant respectfully traverses this interpretation that the claims invoke 35 U.S.C. 112(f) for at least the following reasons.

First, the Office Action has failed to support this interpretation.   The Office Action fails to specify which terms in the claims 1-8 and 17-20 are deemed generic placeholders and its reasoning for any terms as being generic placeholder.   In addition, the Office Action explicitly states that the structure recited in the claims is reasonably supported by the specification under 35 U.S.C. 112 (a) and (b).

Second, the specification explicitly recites sufficient structure, material, and acts for the claimed features and/or for performing the claimed functions.   For example, claim 1 states in part, "a wireless local area network (WLAN) controller in a mobility domain, comprising: at least one memory; and a processing module". The specification describes various embodiments of a WLAN controller in a mobility domain comprising at least one memory and a processing module.   For example, the specification states in paragraphs 71 to 73 that:

7

"[0071] Figure 6 illustrates a schematic block diagram of an embodiment of a WLAN controller 105 in a distributed wireless network 100.   In an embodiment, WLAN controller 105 includes a network interface module 600 having at least one MAC port interface, such as an IEEE 802.1Q compliant network interface, operable to connect to a node 110.   The AP interface module 605 is operable to connect to an AP 120 through a wired or wireless connection. In another embodiment, the WLAN controller 105 is incorporated into a node 110.   The network interface module 600 may then be incorporated into the node 110.   In addition, the AP interface may be incorporated into the node 110 as well, and the WLAN controller 105 is operable to connect to an AP 120 through the AP interface module 605 incorporated into the node 110.

[0072] WLAN controller 105 includes one or more processing modules 645 operable to perform the functions described herein with respect to the WLAN controllers 105.   One or more processing modules 645 may also implement a logical link control (LLC) module 620, media access control (MAC) module 625. The LLC module 620 and MAC module 625 are part of a logical data link layer 630.   The   data link layer 630 is operable to encapsulate a layer 3 frame, such as IP frame, into a MAC Service Data Unit (MSDU) 650 and then encapsulate the MSDU into a MAC Protocol Data Unit (MPDU) 655 in accordance with a WLAN protocol.

[0073] The WLAN Controller 105 also includes one or more memories 610 that store one or more controller databases 650.   The controller database 650 stores seed WLAN controller information 655 that includes IP addresses for the one or more seed WLAN controllers in mobility domain 135.   Controller database 650 also stores WLAN controller information 670 that includes information for the other WLAN controllers 105 in mobility domain 135, such as IP addresses, MAC addresses and controller group identifiers for the other WLAN controllers. Controller database 650 also stores AP list and Corresponding Wireless devices 675 including information on associated APs 120 to the WLAN controller 105 and the mobile devices 125 associated and/or authenticated to those associated APs 120.   The controller database 650 also includes synchronized wireless

8

Application No. 14/303,637                                    Docket No. 813589

> device information 680, such as authentication status, QOS policies, FW policies,
> ACLs, etc., of the wireless devices 125 that allows the wireless devices 125 to
> roam between the APs 120 adopted by the WLAN controllers 105 in mobility
> domain 135."

The specification describes detailed embodiments of a WLAN controller 105 and processing modules 645 and memories 610 such that the terms are more than generic placeholders in view of the description of the terms in the specification.    As stated in *In re Suitco Surface, Inc.*, "The broadest-construction rubric coupled with the term "comprising" does not give the PTO an unfettered license to interpret claims to embrace anything remotely related to the claimed invention.   Rather, claims should always be read in light of the specification and teachings in the underlying patent."   *In re Suitco Surface, Inc.,* (Fed. Cir. 2010).   Therefore, the claim elements are not generic placeholder that invoke 35 USC §112 (f) or pre-AIA 35 USC §112, sixth paragraph.

### III.    Claim Objections

Claims 15 and 16 are objected to because the term "the global list" lacks antecedent basis. Claims 15 and 16 are amended herein to correct the error.

### IV.    Claim Rejection under 35 U.S.C. §103 over the Thubert and the Koehler references

On page 3 of the Office Action, claims 1 and 5-7 are rejected under 35 U.S.C. §103 over US 2008/008414 to Thubert et al. (the Thubert reference) in view of US2012/0259992 to Koehler et al. (the Koehler reference).   Claims 3, 9 and 11-13 are rejected under 35 U.S.C. §103 as being unpatentable over the Thubert reference in view of the Koehler reference and further in view of US 2014/0003283 to Kafle et al. (the Kafle reference).   Claim 8 is rejected under 35 U.S.C. §103 as being unpatentable over the Thubert reference in view of the Koehler reference and further in view of US 2003/0037148 to Pedersen et al. (the Pedersen reference).   Claims 2, 10 and 14-16 are indicated as allowable subject matter.

Applicant submits that the Office Action has failed to establish obviousness of the rejected claims because the cited prior art fails to disclose or make obvious all the elements recited in the claims.   However, to further prosecution in this application, the independent claims are amended to include the allowable subject matter.

9

Application No. 14/303,637                                    Docket No. 813589

## V.   CONCLUSION

For the foregoing reasons, the Applicant believes that the claims are in condition for allowance and respectfully request that they be passed to allowance.   Please charge any fees or portions thereof due in connection with this communication which have not been paid upon submission, or credit any overpayment, to Deposit Account No. 50-5240.

The Examiner is invited to contact Jessica Smith at 972-898-9293 if the Examiner believes that such a communication would advance the prosecution of the present invention.


                              **RESPECTFULLY SUBMITTED,**
                    **By:**      /Jessica W. Smith/
                              Jessica W. Smith, Reg. No. 39,884

                              Loza & Loza LLP
                              305 North 2nd Avenue, #127
                              Upland CA 91786

              **Phone:**    (972) 898-9293
              **E-mail:**   Jessica@lozaip.com

10

 **UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| | | |
|---|---|---|
| 75930 | 7590 | 03/18/2016 |

LOZA & LOZA, LLP/Alcatel-Lucent
Jessica W. Smith, Esq.
305 North 2nd Avenue, #127
Upland, CA 91786

| EXAMINER |
|---|
| HARPER, KEVIN C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2462 | |

DATE MAILED: 03/18/2016

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/303,637 | 06/13/2014 | Sindhu K. Mohandas | 813589 (ALU-1030) | 9108 |

TITLE OF INVENTION: SYSTEM AND METHOD FOR A DISTRIBUTED WIRELESS NETWORK

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $960 | $0 | $0 | $960 | 06/20/2016 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. <u>PROSECUTION ON THE MERITS IS CLOSED.</u> THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN <u>THREE MONTHS</u> FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. <u>THIS STATUTORY PERIOD CANNOT BE EXTENDED.</u> SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

Page 1 of 3

PTOL-85 (Rev. 02/11)

**PART B - FEE(S) TRANSMITTAL**

**Complete and send this form, together with applicable fee(s), to:** <u>Mail</u>   Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
                                           or <u>Fax</u>   (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

75930        7590        03/18/2016
LOZA & LOZA, LLP/Alcatel-Lucent
Jessica W. Smith, Esq.
305 North 2nd Avenue, #127
Upland, CA 91786

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)
_____ (Signature)
_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/303,637 | 06/13/2014 | Sindhu K. Mohandas | 813589 (ALU-1030) | 9108 |

TITLE OF INVENTION: SYSTEM AND METHOD FOR A DISTRIBUTED WIRELESS NETWORK

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $960 | $0 | $0 | $960 | 06/20/2016 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| HARPER, KEVIN C | 2462 | 370-338000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).
   ☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
   ☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
   (1) The names of up to 3 registered patent attorneys or agents OR, alternatively,
   (2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

   1 _____
   2 _____
   3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent):   ☐ Individual   ☐ Corporation or other private group entity   ☐ Government

4a. The following fee(s) are submitted:
   ☐ Issue Fee
   ☐ Publication Fee (No small entity discount permitted)
   ☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): **(Please first reapply any previously paid issue fee shown above)**
   ☐ A check is enclosed.
   ☐ Payment by credit card. Form PTO-2038 is attached.
   ☐ The director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. **Change in Entity Status** (from status indicated above)
   ☐ Applicant certifying micro entity status. See 37 CFR 1.29
   ☐ Applicant asserting small entity status. See 37 CFR 1.27
   ☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.
NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.
NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____   Date _____
Typed or printed name _____   Registration No. _____

Page 2 of 3

PTOL-85 Part B (10-13) Approved for use through 10/31/2013.        OMB 0651-0033        U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



**UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/303,637 | 06/13/2014 | Sindhu K. Mohandas | 813589 (ALU-1030) | 9108 |

| | |
|---|---|
| 75930         7590        03/18/2016 | EXAMINER |
| LOZA & LOZA, LLP/Alcatel-Lucent | HARPER, KEVIN C |
| Jessica W. Smith, Esq. | |
| 305 North 2nd Avenue, #127 | ART UNIT / PAPER NUMBER |
| Upland, CA 91786 | 2462 |

DATE MAILED: 03/18/2016

### Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

Page 3 of 3

PTOL-85 (Rev. 02/11)

**OMB Clearance and PRA Burden Statement for PTOL-85 Part B**

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

**Privacy Act Statement**

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:
1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

| ***Notice of Allowability*** | **Application No.**<br>14/303,637 | **Applicant(s)**<br>MOHANDAS ET AL. | |
|---|---|---|---|
| | **Examiner**<br>Kevin C. Harper | **Art Unit**<br>2462 | **AIA (First Inventor to File) Status**<br>Yes |

***-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--***

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *the amendment of 08 February 2016*.

    ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on_____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☒ The allowed claim(s) is/are *1,3-9 and 11-20*. As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov .

4. ☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    **Certified copies:**

      a) ☐  All    b) ☐  Some    *c) ☐ None of the:

        1. ☐ Certified copies of the priority documents have been received.

        2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

        3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    * Certified copies not received: _____.

    Applicant has **THREE MONTHS FROM THE** "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

    ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____.

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☒ Notice of References Cited (PTO-892)

2. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____

3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

4. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .

5. ☒ Examiner's Amendment/Comment

6. ☒ Examiner's Statement of Reasons for Allowance

7. ☐ Other _____.

Application/Control Number: 14/303,637                                         Page 2
Art Unit: 2462

### *Examiner's Comment*

The prior art made of record and not relied upon is considered pertinent to applicant's disclosure. Liu et al. (US 2015/0304886) discloses selecting seed APs assigned to wireless network controllers (figs. 1-3). Gallagher et al. (US 2010/0041405) discloses a request including a domain identifier (claim 1, last nine lines).

### *Conclusion*

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Kevin Harper whose telephone number is 571-272-3166. The examiner can normally be reached weekdays from 11:00 AM to 7:00 PM ET.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Yemane Mesfin, can be reached at 571-272-3927. The centralized fax number for the Patent Office is 571-273-8300. For non-official communications, the examiner's personal fax number is 571-273-3166 and the examiner's e-mail address is kevin.harper@uspto.gov.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications associated with a customer number is available through Private PAIR only. For more information about the PAIR system, see portal.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative

Application/Control Number: 14/303,637                                    Page 3
Art Unit: 2462

or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or

571-272-1000.


/Kevin C. Harper/

Primary Examiner, Art Unit 2462