# EXHIBIT 2

Oct-17-2007 02:45pm   From-Patterson & Sheridan, LLP - NJ   +17325309808   T-835   P.001/011   F-017

Serial No. 10/870,217
Page 1 of 11

# IN THE UNITED STATES
# PATENT AND TRADEMARK OFFICE

RECEIVED
CENTRAL FAX CENTER
OCT 17 2007

## Patent Application

| | |
|---|---|
| Inventor(s): | Govinda N. Rajan et al. |
| Case: | G. N. Rajan 5-1 (LCNT/125578) |
| Serial No.: | 10/870,217 |
| Group Art Unit: | 2609 |
| Filed: | 06/17/2004 |
| Confirmation #: | 8666 |
| Examiner: | Wu, Cheng Chien |
| Title: | METHOD AND APPARATUS FOR DETERMINATION OF NETWORK TOPOLOGY |

MAIL STOP AMENDMENT
COMMISSIONER FOR PATENTS
P.O. BOX 1450
ALEXANDRIA, VA 22313-1450

CERTIFICATE OF MAILING OR TRANSMISSION
I hereby certify that this correspondence is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450, or being facsimile transmitted to the USPTO, on the date indicated below.

10-17-07
Date

C. Wilson

SIR:

### RESPONSE AMENDMENT

In response to the non-final Office Action mailed August 2, 2007, please reconsider the above-identified patent application as follows.

In the event that an extension of time is required for this response to be considered timely, and a petition therefor does not otherwise accompany this response, any necessary extension of time is hereby petitioned for.

The Commissioner is authorized to charge any fees due, including extension of time and excess claim fees, to counsel's Deposit Account No. 20-0782/LCNT/125578.

596786-1

Oct-17-2007 02:45pm   From-Patterson & Sheridan, LLP - NJ   +17325309808   T-835   P.002/011   F-017

Serial No. 10/870,217
Page 2 of 11

RECEIVED
CENTRAL FAX CENTER

OCT 17 2007

### IN THE CLAIMS:

This listing of claims will replace all prior versions, and listings, of claims in the application:

### LISTING OF CLAIMS:

1\.   (original) A method for managing a communications network having a plurality of areas, each of said plurality of areas having associated with it a respective group of nodes, said method comprising:
   adapting a single sniffer to collect information from nodes associated with at least two selected areas of said network; and
   determining a topology of at least a portion of said network using said collected information.

2\.   (original) The method of claim 1 wherein the step of adapting said single sniffer further comprises connecting said sniffer to a central location of said network.

3\.   (original) The method of claim 2, wherein said sniffer is part of an existing network management system of said network.

4\.   (original) The method of claim 2 wherein said sniffer is a stand-alone device connected independently to said central location of said network.

5\.   (original) The method of claim 2 wherein the step of adapting the single sniffer further comprises configuring said centrally connected network sniffer as a partitioned designated node of a selected area.

6\.   (original) The method of claim 5, wherein said selected area further comprises an L1 area and an L2 area; and in the case of an L1 area being selected, said

596786-1

PAGE 2/11 * RCVD AT 10/17/2007 2:47:36 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-6/13 * DNIS:2738300 * CSID:+17325309808 * DURATION (mm-ss):01-36

Oct-17-2007  02:45pm   From-Patterson & Sheridan, LLP - NJ   +17325309808   T-935  P.003/011  F-017

Serial No. 10/870,217
Page 3 of 11

3   method further comprises configuring said sniffer as a partition designated L2 node of the
4   selected L1 area.

1      7.   (original) The method of claim 1, wherein said information from said
2   nodes comprises link state messages.

1      8.   (original) The method of claim 1 wherein said collected information is
2   based upon an existing network protocol.

1      9.   (original) The method of claim 8 wherein said existing network protocol is
2   part of ISO-IEC 10589:2001.

1      10.  (original) The method of claim 1 wherein the step of determining the
2   topology further comprises collecting information about a first selected area and
3   calculating the topology according to said first selected area and then subsequently
4   receiving information about a second or more selected areas and recalculating the
5   topology based upon each new area.

1      11.  (original) The method of claim 1 wherein the step of determining the
2   topology further comprises receiving information from all nodes of all areas in the
3   network and performing a single topology calculation.

1      12.  (original) The method of claim 1, wherein said areas are selected by
2   sequentially configuring said sniffer as a partition designated L2 node of an L1 area to be
3   selected.

1      13.  (original) A computer readable medium containing a program which,
2   when executed, performs an operation for managing a communications network having a
3   plurality of areas said operation comprising:
4         adapting a single sniffer to collect information from nodes associated with at least
5   two selected areas of said network; and

596786-1

Serial No. 10/870,217
Page 4 of 11

6          determining a topology of at least a portion of said network using said
7 collected information.


1          14.   (original) The computer readable medium of claim 13 wherein the
2 step of adapting said single sniffer further comprises connecting said sniffer to a central
3 location of said network.


1          15.   (original) The computer readable medium of claim 14, wherein
2 said sniffer is part of an existing network management system of said network.


1          16.   (original) The computer readable medium of claim 14 wherein said
2 sniffer is a stand-alone device connected independently to said central location of said
3 network.


1          17.   (original) The computer readable medium of claim 14 wherein the
2 step of adapting the single sniffer further comprises configuring said centrally connected
3 network sniffer as a partitioned designated node of a selected area.


1          18.   (original) The computer readable medium of claim 17, wherein
2 said selected area further comprises an L1 area and an L2 area; and in the case of an L1
3 area being selected, said method further comprises configuring said sniffer as a partition
4 designated L2 node of the selected L1 area.


1          19.   (original) The computer readable medium of claim 13, wherein
2 said information from said nodes comprises link state messages.


1          20.   (original) The computer readable medium of claim 13 wherein said
2 collected information is based upon an existing network protocol.


1          21.   (original) The computer readable medium of claim 20 wherein said
2 existing network protocol is part of ISO-IEC 10589:2001.

596786-1

PAGE 4/11 * RCVD AT 10/17/2007 2:47:36 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-6/13 * DNIS:2738300 * CSID:+17325309808 * DURATION (mm-ss):01-36

Serial No. 10/870,217
Page 5 of 11

1     22.    (original) The computer readable medium of claim 13 wherein the
2 step of determining the topology further comprises collecting information about a first
3 selected area and calculating the topology according to said first selected area and then
4 subsequently receiving information about a second or more selected areas and
5 recalculating the topology based upon each new area.

1     23.    (original) The computer readable medium of claim 13 wherein the
2 step of determining the topology further comprises receiving information from all nodes
3 of all areas in the network and performing a single topology calculation.

1     24.    (original) The computer readable medium of claim 13, wherein
2 said areas are selected by sequentially configuring said sniffer as a partition designated
3 L2 node of an L1 area to be selected.

1     25.    (original) A communications network having improved topology
2 determination means comprising:
3       an inner nodal area;
4       one or more outer nodal areas connected to the inner nodal area; and
5       means for detecting topology forming information about all nodes in the
6 inner and outer nodal areas from a central location in the communications network.

1     26.    (original) The communications network of claim 25 wherein said
2 means for detecting the topology forming information is a single sniffer connected to the
3 inner nodal area.

1     27.    (original) The communications network of claim 26 wherein the
2 sniffer is part of an existing network management system of said network.

1     28.    (original) The communications network of claim 26 wherein the
2 sniffer apparatus is a stand-alone device connected independently to the central location
3 of the network.

596786-1

PAGE 5/11 * RCVD AT 10/17/2007 2:47:36 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-6/13 * DNIS:2738300 * CSID:+17325309808 * DURATION (mm-ss):01-36

Oct-17-2007  02:45pm   From-Patterson & Sheridan, LLP - NJ      +17325309808         T-835   P.006/011   F-017

Serial No. 10/870,217
Page 6 of 11

1         29.   (original) The communications network of claim 26 wherein the
2 sniffer is instructed to function as a partition designated node in an existing network
3 protocol.

1         30.   (original) The communications network of claim 29 wherein the
2 existing network protocol is ISO-IEC 10589:2001.

596786-1

PAGE 6/11 * RCVD AT 10/17/2007 2:47:36 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-6/13 * DNIS:2738300 * CSID:+17325309808 * DURATION (mm-ss):01-36

Serial No. 10/870,217
Page 7 of 11

### Remarks

Claims 1-30 are pending in the application.

In the beginning of the communication, the Examiner stated that claims 1-30 of U.S. Application 10/870,217 were filed on 1/15/2004. Applicants believe that the Examiner inadvertently mistyped the filing date for this application. Applicants reiterate that the filing date for U.S. Application 10/870,217 was and is 06/17/2004.

Claims 1-4, 13-16 and 25-28 are rejected under 35 U.S.C. 102(b) as being anticipated by Krishnamurthy et al. U.S. Patent No. 6,421,676 B1, hereinafter "Krishnamurthy."

Claims 5-12, 17-24, 29 and 30 are rejected under 35 U.S.C. 103(a) as being unpatentable over Krishnamurthy in view of Goringe et al. Pub US #2003/0046427 A1, hereinafter "Goringe."

Each of the various rejections and objections are overcome by amendments that are made to the specification, drawing, and/or claims, as well as, or in the alternative, by various arguments that are presented.

Any amendments to any claim for reasons other than as expressly recited herein as being for the purpose of distinguishing such claim from known prior art are not being made with an intent to change in any way the literal scope of such claims or the range of equivalents for such claims. They are being made simply to present language that is better in conformance with the form requirements of Title 35 of the United States Code or is simply clearer and easier to understand than the originally presented language. Any amendments to any claim expressly made in order to distinguish such claim from known prior art are being made only with an intent to change the literal scope of such claim in the most minimal way, i.e., to just avoid the prior art in a way that leaves the claim novel and not obvious in view of the cited prior art, and no equivalent of any subject matter remaining in the claim is intended to be surrendered.

Also, since a dependent claim inherently includes the recitations of the claim or chain of claims from which it depends, it is submitted that the scope and content of any dependent claims that have been herein rewritten in independent form is exactly the same as the scope and content of those claims prior to having been rewritten in independent

596786-1

PAGE 7/11 * RCVD AT 10/17/2007 2:47:36 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-6/13 * DNIS:2738300 * CSID:+17325309808 * DURATION (mm-ss):01-36

Oct-17-2007 02:45pm From-Patterson & Sheridan, LLP - NJ +17325309808 T-835 P.008/011 F-017

Serial No. 10/870,217
Page 8 of 11

form. That is, although by convention such rewritten claims are labeled herein as having been "amended," it is submitted that only the format, and not the content, of these claims has been changed. This is true whether a dependent claim has been rewritten to expressly include the limitations of those claims on which it formerly depended or whether an independent claim has been rewriting to include the limitations of claims that previously depended from it. Thus, by such rewriting no equivalent of any subject matter of the original dependent claim is intended to be surrendered. If the Examiner is of a different view, he is respectfully requested to so indicate.

### Rejection Under 35 U.S.C. 102

Claims 1-4, 13-16 and 25-28 are rejected under 35 U.S.C. 102(b) as being anticipated by Krishnamurthy. The rejection is traversed.

Anticipation requires disclosure in a single prior art reference of each and every element of the claimed invention, arranged as in the claim. The Krishnamurthy reference fails to disclose each and every element of the claimed invention, as arranged in independent claim 1. Specifically, the Krishnamurthy reference fails to teach or suggest a sniffer.

The Krishnamurthy reference discloses a method of scheduling distributed data collection that involves a routing manager 110. The Examiner indicated that the routing manager 110 represents an element of the Applicants' claimed invention, specifically, a sniffer. Applicants respectfully disagree. The routing manager 110 of the Krishnamurthy reference is not a sniffer.

A sniffer is a computer software or computer hardware that can intercept and log traffic flowing through a network. The sniffer identifies information of interest within an information stream or bit stream, captures it and eventually decodes its content, while allowing the stream to continue its flow. There is no direct affect on the stream by the sniffer.

In contrast, the routing manager 110 is a management system. As described in the portions of the Krishnamurthy reference cited by the Examiner, "the primary function of routing manager is to manage the deployment of collectors and maintain the routes from endpoints through collectors to the recipients of the collection." The routing manager

596786-1

PAGE 8/11 * RCVD AT 10/17/2007 2:47:36 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-6/13 * DNIS:2738300 * CSID:+17325309808 * DURATION (mm-ss):01-36

Serial No. 10/870,217
Page 9 of 11

110 is a "centralized module" that receives the information intended to be received by the routing manager and processes this information in order to manage the entire network. As shown in Fig. 1B, single routing managers are managing each of North America, Europe, and Asia/Japan. In contrast, sniffers manage nothing.

Accordingly, sniffer and routing manager 110 are structurally different elements that accomplish different purposes and do so in a different manner. Therefore, the Krishnamurthy reference fails to disclose each and every element of the claimed invention, as arranged in Applicants' independent claim 1. As such, independent claim 1 is not anticipated by Krishnamurthy and is patentable under 35 U.S.C. 102. Independent claims 13 and 25 recite relevant limitations similar to those recited in independent claim 1 and, as such, and at least for the same reasons as discussed above, these independent claims also are not anticipated by Krishnamurthy and is patentable under 35 U.S.C. 102.

Since all of the dependent claims that depend from the independent claims include all the limitations of the respective independent claim from which they ultimately depend, each such dependent claim is also allowable over Krishnamurthy.

Therefore, Applicants' claims 1-4, 13-16 and 25-28 are allowable over Krishnamurthy under 35 U.S.C. 102. The Examiner is respectfully requested to withdraw the rejection.

### Rejection Under 35 U.S.C. 103(a)

Claims 5-12, 17-24, 29 and 30 are rejected under 35 U.S.C. 103(a) as being unpatentable over Krishnamurthy in view of Goringe. The rejection is traversed.

Each of these grounds of rejection applies only to dependent claims, and each is predicated on the validity of the rejection under 35 U.S.C. 102 given Krishnamurthy. Since the rejection under 35 U.S.C. 102 given Krishnamurthy has been overcome, as described hereinabove, and there is no argument put forth by the Office Action that Goringe supplies that which is missing from Krishnamurthy to render the independent claims anticipated, these grounds of rejection cannot be maintained.

Therefore, Applicants' claims 5-12, 17-24, 29 and 30 are allowable over Krishnamurthy in view of Goringe under 35 U.S.C. 103(a). The Examiner is respectfully requested to withdraw the rejection.

596786-1

PAGE 9/11 * RCVD AT 10/17/2007 2:47:36 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-6/13 * DNIS:2738300 * CSID:+17325309808 * DURATION (mm-ss):01-36

Serial No. 10/870,217
Page 10 of 11

## Secondary References

The secondary references made of record are noted. However, it is believed that the secondary references are no more pertinent to Applicants' disclosure than the primary references cited in the Office Action. Therefore, Applicants believe that a detailed discussion of the secondary references is not necessary for a full and complete response to this Office Action.

596786-1

PAGE 10/11 * RCVD AT 10/17/2007 2:47:36 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-6/13 * DNIS:2738300 * CSID:+17325309808 * DURATION (mm-ss):01-36

Serial No. 10/870,217
Page 11 of 11

### Conclusion

It is respectfully submitted that the Office Action's rejections have been overcome and that this application is now in condition for allowance. Reconsideration and allowance are, therefore, respectfully solicited.

If, however, the Examiner still believes that there are unresolved issues, the Examiner is invited to call Eamon Wall at (732) 530-9404 so that arrangements may be made to discuss and resolve any such issues.

Respectfully submitted,

Dated: 10/17/07

Eamon J. Wall
Registration No. 39,414
Attorney for Applicants

PATTERSON & SHERIDAN, LLP
595 Shrewsbury Avenue, Suite 100
Shrewsbury, New Jersey 07702
Telephone: 732-530-9404
Facsimile: 732-530-9808

596786-1